THONG SOPHA, Respondent, v COMBUSTION ENGINEERING, INC., Appellant. [690 NYS2d 813] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, an asbestos abatement worker, fell while climbing through a second story window to access exterior scaffolding that would enable him to descend to ground level. Plaintiff lost his balance when the inner layer of his asbestos removal work suit caught on the windowsill, and he fell approximately 4 to 5 feet to the scaffolding.

Supreme Court properly concluded that Labor Law § 240 (1) applies to the facts of this case, but erred in granting plaintiff's cross motion for partial summary judgment under that statute. Although plaintiff met his initial burden by establishing that

the absence of a safety device was a proximate cause of the accident, defendant raised a question of fact whether plaintiff's own action was the sole proximate cause of plaintiff's injuries (*see, Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *rearg denied* 92 NY2d 875). There are questions of fact whether plaintiff and other employees were instructed not to use the scaffolding as a means of egress, whether they commonly used the scaffolding in that manner despite those instructions, and whether there were stairs available for their use to access the second story where they were working.

The court properly denied that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as that cause of action is based on the alleged violations of 12 NYCRR 23-1.7 (f), 23-1.21 (b) (4), and 23-5.3 (f). Those regulations are sufficiently specific and apply to the facts of this case (*see, Gielow v Coplon Home*, 251 AD2d 970, *appeal dismissed and lv denied* 92 NY2d 1042; *Avendano v Sazerac, Inc.*, 248 AD2d 340; *see also, Adams v Glass Fab*, 212 AD2d 972).

12 NYCRR 23-1.7 (b) (1) is not applicable to the facts of this case, however, because plaintiff did not fall through a hazardous opening, but fell as he climbed through a window (*cf., Ozzimo v H.E.S., Inc.*, 249 AD2d 912). Nor does 12 NYCRR 23-2.7 apply to the facts of this case; it is uncontroverted that permanent stairways were present in the building. Finally, 12 NYCRR 23-5.1 (f) does not support the Labor Law § 241 (6) cause of action because it sets forth a general rather than a specific safety standard (*see, Moutray v Baron*, 244 AD2d 618, *lv denied* 91 NY2d 808).

We modify the order, therefore, by denying plaintiff's cross motion. (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.