■ PAUL CARUANA et al., Appellants, v LEXINGTON VILLAGE CONDOMINIUMS AT BAY SHORE et al., Defendants, and GEOFREY SCHWARTZ et al., Respondents. [806 NYS2d 634]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), entered April 15, 2004, as granted those branches of the separate motions of the defendants Geoffrey Schwartz and Mitchell Rieders which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them and

denied their cross motion for summary judgment on the issue of liability on that cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Paul Caruana sustained injuries when a condominium balcony, from which he was discarding debris into a dumpster on the ground, collapsed. The plaintiffs commenced this action, alleging, inter alia, that a violation of Labor Law § 240 (1) occurred because the balcony was being used as a scaffold. The Supreme Court, inter alia, granted those branches of the separate motions of the defendant condominium owners, Geoffrey Schwartz and Mitchell Rieders (hereinafter the owners), which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them and denied the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action.

The owners established their entitlement to judgment as a matter of law. Labor Law § 240 (1) is inapplicable because the balcony is not a scaffold, but rather a permanent appurtenance to the building (*see Norton v Park Plaza Owners Corp.*, 263 AD2d 531, 532 [1999]; *Dombrowski v Schwartz,* 217 AD2d 914 [1995]; *Smith v Wisch,* 77 AD2d 619, 620 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are either without merit or academic. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.