■ David R. Garlow, Appellant-Respondent, v Chappaqua Central School District et al., Respondents-Appellants. [832 NYS2d 627]—

In an action to recover damages for personal injuries, the

plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 3, 2005, as denied his motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and the defendants cross-appeal from so much of the same order as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' cross motion which were for summary judgment dismissing the Labor Law § 241 (6) and § 200 causes of action, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

The plaintiff, an iron worker, fell approximately 16 feet from the top of a concrete wall. At the time of the accident, the plaintiff was wearing a safety harness and lanyard which were provided by his employer. However, he had not "tied off" the lanyard. The plaintiff claims he did not tie off the lanyard because there were no safety cables or safety lines nearby where he could attach the safety equipment, while the defendants argue that the plaintiff should have asked the safety crew to install a safety cable.

The plaintiff commenced this action against the defendants based on, inter alia, Labor Law §§ 240, 241 (6), and § 200. The plaintiff moved for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1). The defendants then cross-moved for summary judgment dismissing the complaint. The Supreme Court found that there were issues of fact which precluded granting summary judgment to either party.

To establish liability for violation of Labor Law § 200, a plaintiff must establish that the party to be charged exercised some supervisory control over the operation (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). "General supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability . . . Further, the authority to review safety at the site is insufficient if there is no evidence that the defendant actually controlled the manner in which the work was performed" (*Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 683 [2005] [internal quotation marks omitted]). Here, the defendants met their prima facie burden of demonstrating that they did not exert any control over the work site. In opposition, the plaintiff failed to raise a triable issue of fact.

Under such circumstances, the plaintiff's cause of action under Labor Law § 200 should have been dismissed.

Further, the Supreme Court erred in denying that branch of the defendants' motion which was to dismiss the cause of action based on Labor Law § 241 (6), which alleged violations of 12 NYCRR 23-1.7 (b) and 23-1.16. Section 23-1.7 (b) (1) is inapplicable because even though there was a height differential, there was no hole or hazardous opening where the plaintiff was walking, into which he could have fallen (*see Sopha v Combustion Eng'g*, 261 AD2d 911 [1999]; *Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003 [1996]). Moreover, section 23-1.16 is inapplicable because there was no evidence that the plaintiff was required to wear a safety belt. Therefore, that branch of the cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action should have been granted.

With respect to the plaintiff's Labor Law § 240 (1) cause of action, we agree with the Supreme Court that triable issues of fact exist. Labor Law § 240 (1) imposes liability if it is determined that the owner or contractor failed to provide the safety devices required for proper worker protection in violation of the statute, and the violation proximately caused the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]; *Felker v Corning Inc.*, 90 NY2d 219 [1997]). Questions of fact exist as to whether or not such safety devices were available and/or adequate and, if so, whether the plaintiff disregarded the safety devices made available to him. Therefore, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action and properly denied that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action.

The defendants' remaining contentions are without merit. Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.