JUAN F. GODOY, Appellant, v BAISLEY LUMBER CORPORATION et al., Respondents. [837 NYS2d 682]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated August 31, 2005, as granted those branches of the motion of the defendant Baisley Lumber Corporation which were for sum-

mary judgment dismissing the causes of action based on common-law negligence, Labor Law §§ 200, 240 (1), and so much of the cause of action based on Labor Law § 241 (6) as was predicated upon an alleged violation of 12 NYCRR 23-1.7 insofar as asserted against it and granted those branches of the separate motion of the defendant 120 Whitehall Realty Associates, LLC, which were for summary judgment dismissing the cause of action based on Labor Law § 240 (1) and so much of the cause of action based on Labor Law § 241 (6) as was predicated upon an alleged violation of 12 NYCRR 23-1.7 insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendant Baisley Lumber Corporation which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law § 240 (1) and § 200 insofar as asserted against it and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the separate motion of the defendant 120 Whitehall Realty Associates, LLC, which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1) insofar as asserted against it and substituting therefor a provision denying that branch of the separate motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff.

On January 18, 2002, the plaintiff was employed by nonparty John Dominick Cusumano, Inc. (hereinafter Cusumano), to work on the renovation of a building owned by the defendant Baisley Lumber Corporation (hereinafter Baisley) and leased to the defendant 120 Whitehall Realty Associates, LLC (hereinafter Whitehall). The plaintiff's duties that day involved spackling the ceiling on the second floor loading dock. The ceiling was sufficiently low so that the plaintiff was not required to use a ladder to perform his work. According to the plaintiff, he dropped a screwdriver, bent over to pick it up, lost his balance as he began to stand up, and then leaned against what appeared to him to be a wall but was actually one of the loading dock doors. As he leaned against the door, it opened from the bottom and he fell to the ground approximately 20 feet below. The plaintiff subsequently commenced this action for personal injuries against Baisley and Whitehall alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). The Supreme Court granted those branches of Baisley's motion which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law §§ 200,

240 (1), and § 241 (6) insofar as asserted against it and granted those branches of Whitehall's motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against it.

Labor Law § 240 (1) requires contractors and owners to provide workers with appropriate safety devices to protect against "such specific gravity-related accidents as falling from a height" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]). The fact that the plaintiff's work did not require the use of a ladder does not remove his accident from the protection of Labor Law § 240 (1) since his work required him to be in close proximity to the steep elevation from the second floor loading dock to the ground 20 feet below (*see Leshaj v Long Lake Assoc.*, 24 AD3d 928, 929 [2005]). Moreover, Edwin Romero, an employee of Cusumano, Thomas Bochichio, a manager of Cusumano, and the plaintiff each testified at their respective examinations before trial that the loading dock doors ran along a track above the doors but were unsecured at the bottom and would swing open if pushed or leaned against. The pretrial testimony also indicated that there was a two feet by four feet wooden plank (hereinafter the safety bar) running across the door that was approximately three feet above the bottom of the door. Romero also thought that yellow caution tape had been placed in front of the doors.

Leonel Reyes, who also was working on the second floor loading dock at the time of the accident, testified that the loading dock doors were approximately six feet wide by five feet high with about a one foot gap between the bottom of the doors and the floor. Reyes stated that the plaintiff tripped, lost his balance, and fell through the gap. Additionally, Reyes testified that he did not see any locks, latches, bars, or signs on the doors.

Dominick Cusumano, the president of Cusumano and a partner in Whitehall, testified that Cusumano was hired, inter alia, to alter the loading dock doors. He stated that prior to the accident, Cusumano replaced the safety bar and installed "new eye hooks." However, he acknowledged that the safety bar would not prevent the doors from opening. Mr. Cusumano also stated that he had seen the doors open during the week when his employees were passing materials up to the second floor. The "new eye hooks," which he described as a "locking mechanism," were tested prior to the accident and were working. While the "eye hooks" would prevent the doors from opening, Mr. Cusumano could not recall if they were set in place on the day of the accident. Robert Durso, a partner in Whitehall, also testified that he had noticed a safety bar on the doors but he could not recall

if it was in place on the day of the accident. Durso did not observe any latches or eye hooks on the door.

Based upon the foregoing deposition testimony, submitted by the defendants in support of their respective summary judgment motions, the defendants failed to make out a prima facie case that the plaintiff was not exposed to an elevation-related risk contemplated by Labor Law § 240 (1). The harm to which the plaintiff was exposed directly flowed from the application of the force of gravity to the plaintiff (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 501). Moreover, the hazard which caused the plaintiff's injuries, i.e., the 20-foot drop-off from the second floor loading dock where he was working to the ground below, was wholly related to the risk which brought about the need for appropriate safety devices (*see Bradley v Morgan Stanley & Co., Inc.,* 21 AD3d 866, 867 [2005]; *Aiello v Rockmor Elec. Enters.,* 255 AD2d 470, 471-472 [1998]; *Serpe v Eyris Prods.,* 243 AD2d 375, 377 [1997]; *see also Valensisi v Greens at Half Hollow, LLC,* 33 AD3d 693, 695 [2006]; *De Jara v 44-14 Newtown Rd. Apt. Corp.,* 307 AD2d 948, 950 [2003]; *Perkins v Loewentheil & Daughters,* 282 AD2d 510, 511 [2001]; *cf. Richardson v Matarese,* 206 AD2d 353, 353-354 [1994]). The evidence proffered by the defendants failed to demonstrate that the plaintiff was provided with any appropriate safety devices to prevent or break his fall (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 499-500; *Danielewski v Kenyon Realty Co.,* 2 AD3d 666 [2003]). While the defendants contend that they had provided a safety bar and eye hooks to secure the loading dock doors, those safety devices either were not in place or did not provide adequate protection to the plaintiff in avoiding the accident. In addition to the absence of the safety devices necessary to adequately secure the doors, the defendants also failed to provide the plaintiff with any "other protective device" such as a lifeline or safety net to prevent or break his fall (*Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 501; *see Danielewski v Kenyon Realty Co., supra* at 667). Accordingly, the Supreme Court should not have granted those branches of the separate motions of Baisley and Whitehall which were for summary judgment dismissing the cause of action based on Labor Law § 240 (1) insofar as asserted against them.

The plaintiff's Labor Law § 241 (6) cause of action was predicated, in part, on a violation of 12 NYCRR 23-1.7 (b) (1). That regulation is applicable to a plaintiff who falls through a hazardous opening (*see Ellis v J.M.G., Inc.,* 31 AD3d 1220, 1221 [2006]; *Wells v British Am. Dev. Corp.,* 2 AD3d 1141, 1143-1144 [2003]; *Sopha v Combustion Eng'g,* 261 AD2d 911, 912 [1999]).

More specifically, 12 NYCRR 23-1.7 (b) (1) provides that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part (rule)." The defendants made out a prima facie case that 12 NYCRR 23-1.7 (b) (1) was inapplicable to the facts of this case (*see e.g Garlow v Chappaqua Cent. School Dist.*, 38 AD3d 712 [2007]; *Smith v McClier Corp.*, 38 AD3d 322 [2007]; *Sopha v Combustion Eng'g, supra; DeLong v State St. Assoc.*, 211 AD2d 891, 893 [1995]; *but see Reinoso v Ornstein Layton Mgt., Inc.*, 19 AD3d 678, 679 [2005]; *Scarso v M.G. Gen. Constr. Corp.*, 16 AD3d 660, 661 [2005]; *Davidson v E.Q.K. Green Acres*, 298 AD2d 546, 547 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the separate motions of Baisley and Whitehall which were for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on a violation of 12 NYCRR 23-1.7.

A property owner has a duty to exercise reasonable care and prudence in securing the safety of the work area under Labor Law § 200 (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Kerins v Vassar Coll.*, 15 AD3d 623, 626 [2005]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 589, 590 [2002]). In support of that branch of Baisley's motion which was for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it, Baisley submitted the deposition testimony of Robert Sperling, its vice-president. Sperling testified that he had been conducting his business operations at the property since 1952 until he entered into the lease with Whitehall in October 2001. Sperling stated that he was familiar with the structure "inside and out." According to Sperling, the upper floors had sliding doors so that mill work items could be loaded directly into a truck. Sperling had seen the doors opened and closed in the past. He testified that except for one new lighter-shaded door, the loading dock doors, as portrayed in a photograph marked as plaintiff's exhibit 9, looked the same as they did in the summer of 2001 shortly before the lease was executed. Thus, Baisley failed to establish its entitlement to judgment as a matter of law on the causes of action alleging common-law negligence and violation of Labor Law § 200 by demonstrating prima facie that it did not create or have notice of the dangerous condition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Abayev v Jaypson Jewelry Mfg. Corp.*, 2 AD3d 548, 549 [2003]; *Kerins v Vassar Coll., supra; Pirrotta v EklecCo*, 292 AD2d 362, 364 [2002]). Failure to make such a prima facie showing requires

the denial of summary judgment, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Accordingly, the Supreme Court erred in granting that branch of Baisley's motion which was for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against Baisley.

Baisley's remaining contention is without merit. Crane, J.P., Ritter, Skelos and Dickerson, JJ., concur.