■ Michael Weinberg, Appellant, v Alpine Improvements, LLC, et al., Respondents. [851 NYS2d 692]—

Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered May 31, 2006 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

On May 1, 2001 plaintiff was injured when he slipped and fell from the third or fourth rung of a stepladder while replacing light fixtures. He had reportedly stepped in a cheese-like substance in another area of the building, prior to ascending the ladder. The fall occurred during a renovation project in a building owned by defendant Alpine Improvements, LLC in the Town of Wappinger Falls, Dutchess County, and leased to Super Stop & Shop which operated a supermarket therein. Plaintiff was employed as an electrician by T & J Electric, Inc., the electrical subcontractor, on a project on which defendant Discover General Contracting Corporation was the general contractor. Discover contracted with Super Stop & Shop to perform renovation work on the supermarket, which was to be done at night and the store would remain open part of the time. Plaintiff commenced this action alleging liability under Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence principles. Defendants moved for summary judgment on all claims, which plaintiff opposed. Supreme Court granted defendants' motion on the record from the bench, without written decision. Plaintiff appeals.

Liability under Labor Law § 240 (1) requires plaintiff to demonstrate that defendants violated that statute and that the statutory breach proximately caused plaintiff's accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). Plaintiff testified that he was standing on the third or fourth rung of the stepladder changing light fixtures overhead, when his "feet . . . gave way" and he fell onto the floor, landing on his "butt." He noticed slippery cheese-like debris on the bottom of his work boots and surmised that his greasy boots had slipped off the rungs. He recalled having earlier walked through the uncleaned deli area of the store where cheese is grated, which he described as "always slippery" even

when cleaned, although he observed no food on the floor; he believed that his boots came into contact with the cheese-like substance on the floor in that area, prior to continuing on to another area of the store to complete the work that he was performing at the time of the fall. Plaintiff conceded that the ladder did not fail "in any way." There was no proof that it collapsed, fell over, malfunctioned, failed to support him or was defective in any respect, or that it was improperly placed or inadequate for the task at hand. There were no eyewitnesses to the incident and no expert testimony adduced.

On this proof, we find that defendants demonstrated entitlement to summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, which plaintiff failed to rebut. Simply put, defendants made a prima facie showing that plaintiff was provided with an adequate safety device and that no violation of that statutory protection was committed which could be said to be a proximate cause of this accident (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 287; *Duda v Rouse Constr. Corp.*, 32 NY2d 405, 410 [1973]; *Albert v Williams Lubricants, Inc.*, 35 AD3d 1115, 1116-1117 [2006]). We recognize that, in a usual case, where a worker has been provided with a safety device such as a ladder, which did not slip, collapse or fail, whether the device afforded proper protection is ordinarily a question of fact (*see Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]; *Canino v Electronic Tech. Co.*, 28 AD3d 932, 933 [2006]; *Smith v Pergament Enters. of S.I.*, 271 AD2d 870, 872 [2000]). Here, however, plaintiff's own testimony established that his fall was unrelated to the adequacy or placement of the safety device (*cf. Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]), and was attributable solely to slippery boots caused by food debris with which he came into contact in another part of the store. Notably, " 'a mere fall from a ladder or other similar safety device that did not slip, collapse or otherwise fail is insufficient to establish that the ladder did not provide appropriate protection to the worker' " (*Grogan v Norlite Corp.*, 282 AD2d 781, 782 [2001], quoting *Briggs v Halterman*, 267 AD2d 753, 755 [1999]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 288). Further, plaintiff's claim that he would not have slipped and fallen if a rolling "baker's scaffold" had been provided is speculative (*see Williams v General Elec. Co.*, 8 AD3d 866, 867-868 [2004]) and unsupported, and insufficient to defeat summary judgment. Thus, defendants were properly awarded summary judgment dismissing plaintiff's Labor Law § 240 (1) claim.

Next, plaintiff's reliance, in support of his Labor Law § 241

(6) claim, on safety rules setting forth general safety standards (*e.g.* 12 NYCRR 23-1.2, 23-1.3, 23-1.5) is unavailing, as such regulations do not create a duty given their lack of specific commands (*see Berg v Albany Ladder Co., Inc.*, 40 AD3d 1282, 1285 [2007]; *see also Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]). The other regulations cited are inapplicable to these facts (*see* 12 NYCRR 23-1.5, 23-1.16) and, since the ladder itself was not slippery, no violation of the safety measures required to protect workers from slipping hazards on elevated work surfaces (*see* 12 NYCRR 23-1.7 [d]) can be shown (*cf. Smith v Fayetteville-Manlius Cent. School Dist.*, 32 AD3d 1253, 1254 [2006]; *Rizzo v Hellman Elec. Corp.*, 281 AD2d 258, 258-259 [2001]).

Finally, we turn to plaintiff's Labor Law § 200 and common-law negligence claims, which we find were properly dismissed as against Discover (the general contractor), but should not have been dismissed against Alpine (the building owner). Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877). "Where, as here, a worker's injuries result from an unsafe or dangerous condition existing at a work site, rather than from the manner in which the work is being performed, the liability of a general contractor [such as Discover] . . . depends upon whether [it] had [actual or constructive] notice of the dangerous condition [that caused the accident] and control of the place where the injury occurred" (*Wolfe v KLR Mech., Inc.*, 35 AD3d 916, 918 [2006] [citations omitted]; *accord Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1220-1221 [2007]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]). Discover submitted the affidavit of its principal, which went unrefuted, establishing that it lacked authority to control or supervise the work site, electrical work or the deli area (or employees) where the dangerous condition— cheese-like debris—allegedly existed; Super Stop & Shop employees were responsible for all supermarket-generated debris. Thus, Supreme Court's award of summary judgment to Discover on the Labor Law § 200 and common-law negligence claims was proper.

However, the award of summary judgment on these claims to Alpine, the owner, was unwarranted. With regard to an owner, it has a general duty "to maintain its premises 'in a reasonably safe condition' " (*Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995], quoting *Basso v Miller*, 40 NY2d 233, 241 [1976]). To establish entitlement to summary judgment on these claims,

Alpine "was required to establish, as a matter of law, that it did not create the alleged dangerous condition and did not have actual or constructive notice of that condition" (*Wolfe v KLR Mech., Inc.*, 35 AD3d at 919; *accord Finger v Cortese*, 28 AD3d 1089, 1090 [2006]). Alpine submitted no such proof and, thus, did not establish its entitlement to summary judgment dismissing these claims.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Alpine Improvements, LLC for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action against it; motion denied to that extent; and, as so modified, affirmed.