■ Aubrey Rookwood, Respondent-Appellant, v Hyde Park Owners Corp. et al., Appellants-Respondents. [853 NYS2d 127]—

In an action to recover damages for personal injuries, the defendant Hyde Park Owners Corp. appeals from so much of an order of the Supreme Court, Queens County (Geller, J.), entered October 25, 2006, as denied that branch of its motion which was for summary judgment dismissing so much of the cause of action and the cross claims based on Labor Law § 241 (6) as were predicated upon an alleged violation of 12 NYCRR 23-1.7 (b) (1) insofar as asserted against it; the defendant New York Plumbing & Heating Corp. separately appeals from so much of the same order as denied that branch of its separate motion which was for summary judgment dismissing so much of the cause of action and the cross claims based on Labor Law § 241 (6) as were predicated upon an alleged violation of 12 NYCRR 23-1.7 (b) (1) insofar as asserted against it; and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action based on Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, those branches of the defendants' separate motions which were for summary judgment dismissing so much of the cause of action and the cross claims based on Labor Law § 241 (6) as were predicated upon an alleged violation of 12 NYCRR 23-1.7 (b) (1) insofar as asserted against them are granted, and those branches of the defendants' separate motions which were for summary judgment dismissing the plaintiff's cause of action based on Labor Law § 240 (1) are denied.

The plaintiff was injured while installing an oil tank in the basement of premises owned by the defendant Hyde Park Owners Corp. The accident occurred as the plaintiff, positioned on the landing of a permanent staircase leading to the basement, was attaching a 5-foot by 10-foot metal plate, weighing 700 pounds, to a chainfall, in preparation for lowering the plate into the basement. According to the plaintiff, on his own initiative, he had previously cut and removed the iron handrail welded to the left side of the landing and stairway as, due to the size of the plate, there was no other way, without cutting up and later rewelding the plate, to lower it to the basement where it was to be installed. The plate was resting on the landing and was held by three of the plaintiff's coworkers, who were standing outside the basement door. It then slipped, knocking the plaintiff off the side of the staircase from which the railing had been removed. The plaintiff fell eight to nine feet, landing on the basement

floor. He commenced this action against Hyde Park Owners Corp. and the general contractor, New York Plumbing & Heating Corp., alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6).

Contrary to the Supreme Court's conclusion, and the plaintiff's contention, the sole section of the Industrial Code relied upon by him to oppose the defendants' motions and to support his cause of action under Labor Law § 241 (6), 12 NYCRR 23-1.7 (b) (1), is inapplicable to the case at bar. Even though there was a height differential between the stairway landing and the floor below, the stairway landing from which the plaintiff fell did not constitute a "hole or hazardous opening" (*Garlow v Chappaqua Cent. School Dist.*, 38 AD3d 712, 714 [2007]; *see Godoy v Baisley Lbr. Corp.*, 40 AD3d 920 [2007]; *Smith v Mc-Clier Corp.*, 38 AD3d 322, 323 [2007]; *Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003 [1996]).

However, the Supreme Court erred in granting those branches of the defendants' separate motions which were for summary judgment dismissing his cause of action based upon Labor Law § 240 (1). Contrary to the defendants' contention, the record showed the existence of a triable issue of fact as to whether the plaintiff's actions were not the sole proximate cause of his accident because he had no choice as to the way in which he performed his work (*see Robinson v East Med. Ctr., LP,* 6 NY3d 550, 553-555 [2006]; *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 269 [2001]; *Rodriguez v Margaret Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843-844 [1994]; *Gittleson v Cool Wind Ventilation Corp.,* 46 AD3d 855 [2007]; *Caruana v Lexington Vil. Condominiums at Bay Shore,* 23 AD3d 509, 510 [2005]; *Parker v Ariel Assoc. Corp.,* 19 AD3d 670, 672 [2005]; *Kanarvogel v Tops Appliance City,* 271 AD2d 409, 410-411 [2000]; *Barrett v Ellenville Natl. Bank,* 255 AD2d 473, 473-474 [1998]). We decline the plaintiff's invitation to search the record and award him summary judgment on his Labor Law § 240 (1) claim. Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.