■ ERIC M. ROLEWICZ, Appellant, v STATE OF NEW YORK, Respondent. [903 NYS2d 548]—

Rose, J. Appeal from a judgment of the Court of Claims (Midey Jr., J.), entered May 11, 2009, which partially granted defendant's motion for summary judgment dismissing the claim.

Alleging negligence and violations of Labor Law §§ 200 and 241 (6), claimant brought this action to recover for injuries sustained when he received a severe electrical shock while using a jackhammer on the campus of the State University of New York at Cortland. His employer, Marcellus Construction, Inc., was building an underground steam tunnel that was to pass underneath an underground duct bank. This existing, massive concrete structure encased conduit that, in turn, contained energized electrical cables. Rather than shore up the duct bank before constructing the steam tunnel under it, claimant's employer decided to reduce the weight of the concrete by directing him to jackhammer it away. Claimant broke into the duct and, not recognizing the black Orangeburg pipe conduit, he pierced it numerous times, struck the cable within and was injured. Defendant moved for summary judgment dismissing the claim, and the Court of Claims dismissed the negligence and Labor Law § 200 causes of action, and part of the Labor Law § 241 (6) cause of action. Claimant now appeals.

Claimant's contention that his negligence and Labor Law § 200 claims should not have been dismissed because the presence of energized electrical cables within the duct bank was a dangerous condition on defendant's premises is meritless. Defendant made a prima facie showing of entitlement to dismissal of these claims through evidence that the electrical cables were not exposed until claimant broke into the concrete duct bank and pierced the conduit containing them (*see Cartuccio v KCMC Trust*, 280 AD2d 831, 831-832 [2001]; *Walsh v City School Dist. of Albany*, 237 AD2d 811, 812 [1997]). Although claimant contends that the energized cables were inherently dangerous, he presented no evidence that he or any other worker could have come in contact with them before he broke into the duct bank and he raised no triable issue of whether there was a preexisting dangerous condition. Nor did claimant show that defendant "exercised supervisory control over [his] work and had actual or constructive knowledge of the unsafe manner in which the work was being performed" (*Turner v Sano-Rubin Constr. Co.*, 6 AD3d 910, 911 [2004]; *see Snyder v Gnall*, 57 AD3d 1289, 1291 [2008]; *Shields v General Elec. Co.*, 3 AD3d 715, 716-717 [2004]).

To sustain his Labor Law § 241 (6) cause of action, claimant "was required to demonstrate the violation of a regulation setting forth a specific standard of conduct applicable to the working conditions which existed at the time of the injury" (*Lawyer v Hoffman*, 275 AD2d 541, 542 [2000]). The Court of Claims correctly held that the provisions of 12 NYCRR 23-1.13 (b) (3) and (8) were not shown to be violated because all relevant personnel had been warned of the location and danger of the underground electrical cables and there is no evidence that the cables' insulation was defective or deteriorated prior to being pierced by the jackhammer.

Mercure, J.P., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.