■ EDWIN POPE et al., Appellants, v SAFETY AND QUALITY PLUS, INC., et al., Respondents. (And a Third-Party Action.) [903 NYS2d 124]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Elliot, J.), dated January 16, 2009, as denied those branches of their motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), granted those branches of the cross motion of the defendant Safety and Quality Plus, Inc., which were for summary judgment dismissing those causes of action insofar as asserted against it, and searched the record and awarded summary judgment dismissing those causes of action insofar as asserted against the defendants RC Dolner Construction, Inc., and the Metropolitan Museum of Art, and (2) so much of an order of the same court dated June 9, 2009, as, upon reargument, adhered to the original determination in the order dated January 16, 2009.

Ordered that the appeal from the order dated January 16, 2009, is dismissed, as that order was superseded by the order dated June 9, 2009, made upon reargument; and it is further,

Ordered that the order dated June 9, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff Edwin Pope allegedly sustained personal injuries when he stepped off the unguarded edge of an elevated concrete portion of the basement at the defendant Metropolitan Museum of Art. According to Pope, he suddenly stepped off the unguarded edge onto a pile of cardboard while walking and talking to his foreman.

Contrary to the plaintiffs' contention, the Supreme Court properly awarded summary judgment to the defendant Safety and Quality Plus, Inc. (hereinafter Safety), dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it. Since the concrete floor from which the injured plaintiff stepped off was a normal appurtenance to the building and was not designed as a safety device to protect the injured plaintiff from elevation-related risks, the plaintiff's injuries did not result from an elevation-related hazard (*see Linkowski v City of New York*, 33 AD3d 971, 973-974 [2006]; *Plotnick v Wok's Kitchen Inc.*, 21 AD3d 358, 358-359 [2005]; *see also Gelo v City of New York*, 34 AD3d 636, 637 [2006]; *Caruana v Lexington Vil. Condominiums at Bay Shore*, 23 AD3d 509, 510 [2005]; *Gallagher v Andron Constr. Corp.*, 21 AD3d 988, 989 [2005]).

Contrary to the plaintiffs' contention, the Supreme Court also properly awarded summary judgment to Safety dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it. In support of the cause of action alleging a violation of Labor Law § 241 (6), the plaintiffs relied upon alleged violations of 12 NYCRR 23-1.7 (b) (1) and (e) (2), neither of which are applicable to the case at bar. Even though there was a height differential between the raised concrete floor and the floor below, the concrete landing from which the injured plaintiff stepped off did not constitute a "hazardous opening" within the meaning of 12 NYCRR 23-1.7 (b) (1) (*see Rookwood v Hyde Park Owners Corp.*, 48 AD3d 779, 781 [2008]; *Godoy v Baisley Lbr. Corp.*, 40 AD3d 920, 923-924 [2007]; *Garlow v Chappaqua Cent. School Dist.*, 38 AD3d 712, 714 [2007]; *see also Forschner v Jucca Co.*, 63 AD3d 996, 998-999 [2009]; *Smith v McClier Corp.*, 38 AD3d 322, 323 [2007]). Nor was the injured plaintiff injured as a result of tripping over, or even slipping on, "accumulat[ed]" debris, dirt, tools or materials (12 NYCRR 23-1.7 [e] [2]; *cf. Cooper v State of New York*, 72 AD3d 633 [2010]; *Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 556 [2009]; *Romeo v Property Owner [USA] LLC*, 61 AD3d 491, 492 [2009]).

Furthermore, contrary to the plaintiffs' contention, the

Supreme Court properly searched the record and awarded summary judgment to the defendants RC Dolner Construction, Inc., and the Metropolitan Museum of Art dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6). The Supreme Court has the authority, pursuant to CPLR 3212 (b), to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the court (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]; *Marciano v Ran Oil Co. E., LLC,* 63 AD3d 1118, 1119 [2009]; *Federal Natl. Mtge. Assn. v Katz,* 33 AD3d 755, 756 [2006]; *Murray v Murray,* 28 AD3d 624, 625 [2006]). Here, the plaintiffs moved for summary judgment on the issue of liability, inter alia, on their causes of action alleging violations of Labor Law § 240 (1) and § 241 (6).

The contentions of the defendant Safety concerning that branch of its cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it are not properly before this Court, as it did not file a notice of appeal (*see* CPLR 5515; *Sentino v Valerio,* 72 AD3d 1063 [2010]; *Ferrara v Village of Chester,* 57 AD3d 719, 720 [2008]; *Castro v Maple Run Condominium Assn.,* 41 AD3d 412, 414 [2007]).

In light of our determination, the respondents' remaining contentions need not be reached. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30132(U).]**