JAN LECH et al., Appellants, v CASTLE VILLAGE OWNERS CORP. et al., Respondents, et al., Defendant. [913 NYS2d 713]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 17, 2009, which, after a jury trial on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6), granted the motion of the defendants Castle Village Owners Corp. and Goodstein Management, Inc., pursuant to CPLR 4404 (a) to set aside the verdict in favor of the plaintiffs on that issue and for judgment as a matter of law, and (2), as limited by their brief, from so much of a judgment of the same court dated July 6, 2009, as, upon the

order, is in favor of the defendants Castle Village Owners Corp. and Goodstein Management, Inc., and against them dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Castle Village Owners Corp. and Goodstein Management, Inc.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The injured plaintiff (hereinafter the plaintiff) was performing pointing work removing old bricks and window sills from the façade of a building owned by the defendant Castle Village Owners Corp. and managed by the defendant Goodstein Management, Inc. (hereinafter together the defendants). The plaintiff and a coworker worked together on a scaffold, which was raised and lowered onto a sidewalk bridge covering the sidewalk below. As the plaintiff was walking on the sidewalk bridge while carrying one of the old window sills, he tripped on a piece of brick and allegedly sustained various injuries.

After trial, the jury found, inter alia, that the defendants were liable under Labor Law § 241 (6) due to violations of Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2). The defendants moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, arguing that the brick over which the plaintiff tripped was an integral part of the work being performed. The Supreme Court granted the defendants' motion, and the plaintiffs appeal. We affirm the judgment insofar as appealed from.

Under the circumstances of this case, the sidewalk bridge was not a "passageway" within the meaning of 12 NYCRR 23-1.7 (e) (1). Consequently, 12 NYCRR 23-1.7 (e) (1) is not applicable (see Hageman v Home Depot U.S.A., Inc., 45 AD3d 730, 731 [2007]). Additionally, 12 NYCRR 23-1.7 (e) (2), which requires that certain "working areas" must be kept free from enumerated tripping hazards, "insofar as may be consistent with the work being performed," does not apply where, as here, " 'the object on which plaintiff tripped . . . was an integral part of the work

he was performing' '' (*Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001], quoting *Sharrow v Dick Corp.*, 233 AD2d 858, 860 [1996]). The plaintiff testified at trial that, at the time of the accident, his work responsibilities included the removal of bricks from the façade of the building. The piece of brick over which the plaintiff tripped was removed from the façade of the building and, as such, the brick was an integral part of the plaintiff's work. As a consequence, Industrial Code (12 NYCRR) § 23-1.7 (e) (2) is inapplicable as well (*see Smith v New York City Hous. Auth.*, 71 AD3d 985, 987 [2010]; *Solis v 32 Sixth Ave. Co. LLC*, 38 AD3d 389, 390 [2007]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]; *Harvey v Morse Diesel Intl.*, 299 AD2d 451, 452-453 [2002]; *Alvia v Teman Elec. Contr.*, 287 AD2d at 423). Accordingly, the Supreme Court properly granted the defendants' motion and dismissed the Labor Law § 241 (6) cause of action insofar as asserted against them. Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.