In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 1, 2011, as granted that branch of the plaintiffs cross motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 241 (6), and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his cross motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1).
*608 Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the plaintiffs motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 241 (6) is denied; and it is further,
Ordered that the order is affirmed insofar as cross-appealed from; and it is further,
Ordered that, upon searching the record, summary judgment is awarded to the defendants dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6); and it is further,
Ordered that one bill of costs is awarded to the defendants.
The plaintiff, a roofer, was allegedly injured when he fell after stepping through a doorway which was several feet above the level of the lower roof of the building on which he was working. A metal grate was usually placed on the other side of the doorway, so that after opening the door workers could walk across the grate to a set of stairs, and then walk down the stairs onto the lower roof. However, on the date of the incident the grate had been removed, so that the door opened onto an empty space between the doorway and the stairs.
The defendants correctly contend that the court erred in granting that branch of the plaintiffs cross motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 241 (6). The plaintiff failed to demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision which sets forth specific safety standards, and is applicable to the facts of the case (see Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727 [2012]; Ferrero v Best Modular Homes, Inc., 33 AD3d 847 [2006]). The plaintiff alleges the defendants violated section 23-1.7 (b) (1) of the Industrial Code (12 NYCRR 23-1.1 et seq.), which applies to hazardous openings. However, the height differential between the edge of the doorway and the lower level of the roof does not constitute a hazardous opening within the meaning of section 23-1.7 (b) (1) of the Industrial Code (see Pope v Safety & Quality Plus, Inc., 74 AD3d 1040, 1041 [2010]; Rookwood v Hyde Park Owners Corp., 48 AD3d 779, 781 [2008]; Godoy v Baisley Lbr. Corp., 40 AD3d 920, 923-924 [2007]).
Although the defendants did not appeal from so much of the order as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), this Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (see Rovelo v Volcy, 83 *609 AD3d 1034 [2011]; Rivera v Bushwick Ridgewood Props., Inc., 63 AD3d 712 [2009]). Upon searching the record, we award summary judgment to the defendants dismissing the cause of action alleging a violation of Labor Law § 241 (6) (see CPLR 3212 [b]).
The plaintiffs contention that the Supreme Court erred in denying that branch of his cross motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) is without merit. The plaintiff failed to establish that the statute was violated and that the violation was a proximate cause of his injuries (see Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727 [2012]; Robinson v Goldman Sachs Headquarters, LLC, 95 AD3d 1096 [2012]; Henry v Eleventh Ave., L.P., 87 AD3d 523 [2011]). The record shows that the plaintiffs injuries did not result from the type of elevation related hazard to which the statute applies (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [2011]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]; Pope v Safety & Quality Plus, Inc., 74 AD3d 1040 [2010]; Seaman v Bellmore Fire Dist., 59 AD3d 515 [2009]; Biafora v City of New York, 27 AD3d 506 [2006]).
Although the defendants did not appeal from so much of the order as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), upon searching the record, we award summary judgment to the defendants dismissing that cause of action (see CPLR 3212 [b]). Skelos, J.P., Balkin, Leventhal and Cohen, JJ., concur.