*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    519921
_____

BARBARA CRISTINA SCRIBNER,
    Individually and as
    Administrator of the Estate
    of CHADWICK SCRIBNER,
    Deceased,                              MEMORANDUM AND ORDER
                    Respondent,
        v

STATE OF NEW YORK,
                    Appellant.
_____


Calendar Date:  May 27, 2015

Before:  Peters, P.J., Lahtinen, Garry and Devine, JJ.

_____


        Goldberg Segalla, LLP, Albany (Matthew S. Lerner of
counsel), for appellant.

        Powers & Santola, LLP, Albany (Michael J. Hutter of
counsel), for respondent.

_____


Peters, P.J.

        Appeal from an order of the Court of Claims (Milano, J.),
entered July 9, 2014, which, among other things, partially
granted claimant's cross motion for partial summary judgment.

        Chadwick Scribner was employed as a journeyman by a roofing
company that had been retained to replace the roof on the State
Capitol Building in the City of Albany.  On July 1, 2011, he was
responsible for collecting pieces of roof tile removed by his
coworkers further up on the roof.  Larger tile pieces were handed
down to Scribner, while smaller pieces would slide down the roof

and accumulate on a flat stone ledge where he was standing. Depending upon their size, Scribner either stacked the pieces or put them in a bucket to be placed on scaffolding below the ledge. While collecting the tile pieces, Scribner became "tangled up in them" and fell onto the scaffolding, sustaining injuries.

Scribner and claimant, his spouse,[1] derivatively, commenced this action against defendant alleging, as relevant here, violations of Labor Law §§ 240 (1) and 241 (6). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the claim, and Scribner and claimant cross-moved for summary judgment on the issue of liability. The Court of Claims partially granted defendant's motion by dismissing certain portions of the Labor Law § 241 (6) claim,[2] granted claimant's cross motion for summary judgment only on the issue of defendant's liability as to the Labor Law § 240 (1) claim and otherwise denied the motions. Defendant appeals.

Liability under Labor Law § 240 (1) arises when a worker's injuries are "'the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011], quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]; see Nalepa v South Hill Bus. Campus, LLC, 123 AD3d 1190, 1191 [2014], lv denied 25 NY3d 909 [2015]). Ordinarily, the adequacy of a safety device is a question of fact, unless the device "'collapses, slips or otherwise fails to perform its function of supporting the worker'" (Dalaba v City of Schenectady, 61 AD3d 1151, 1152

---

[1]  Scribner died during the pendency of this action. While the cause of his death is not revealed in the record, the parties do not assert that his death was caused by, or otherwise related to, the injuries underlying the instant claims. Claimant was appointed as the administrator of Scribner's estate and the caption was amended accordingly.

[2]  In particular, the Court of Claims dismissed that portion of the Labor Law § 241 (6) claim alleging violations of 12 NYCRR 23-1.24 (b) and 12 NYCRR 23-5.3 (f).

[2009], quoting <u>Nephew v Barcomb</u>, 260 AD2d 821, 823 [1999]; <u>see</u>
<u>Dowling v McCloskey Community Servs. Corp.</u>, 45 AD3d 1232, 1233
[2007]).

The distance that Scribner fell from the roof ledge to the
scaffolding is disputed.  Claimant alleged, in the bill of
particulars, that the scaffolding was two feet below the ledge,
while Scribner and the project supervisor asserted in their
deposition testimony that the scaffolding was four to five feet
below the ledge.  Regardless of whether the height differential
was two, four or five feet, Scribner's fall is the type of
elevation-related risk to which Labor Law § 240 (1) applies (<u>see</u>
<u>Gatto v Clifton Park Senior Living, LLC</u>, 90 AD3d 1387, 1387
[2011]; <u>Amo v Little Rapids Corp.</u>, 301 AD2d 698, 701 [2003],
<u>appeal dismissed, lv denied</u> 100 NY2d 531 [2003]).

The parties' submissions also raise a question of fact as
to whether the scaffolding afforded Scribner adequate protection
and, if not, whether the absence of an appropriate safety device
was the proximate cause of his injuries (<u>see</u> <u>Beardslee v Cornell</u>
<u>Univ.</u>, 72 AD3d 1371, 1372 [2010]; <u>Soltes v Brentwood Union Free</u>
<u>School Dist.</u>, 47 AD3d 804, 805 [2008]; <u>Canino v Electronic Tech.</u>
<u>Co.</u>, 28 AD3d 932, 933 [2006]).  Defendant's expert opined that,
because of the relatively short height differential, scaffolding
was the only available safety device and that it functioned
properly by preventing Scribner from falling over a hundred feet
to the ground.  In contrast, claimant's expert asserted that the
scaffolding, as erected, was inadequate, and that Scribner's
injuries could have been prevented if the scaffolding had been
raised,[3] a temporary railing had been added along the ledge or a
temporary vertical barrier had been installed to prevent smaller
tile pieces from accumulating in his walkway.  In response,
defendant's expert maintained that the scaffolding was sufficient
and specifically rejected each of the proposed alternatives,
stating that a railing was unnecessary because the ledge and

---

[3]  Claimant's expert acknowledged, however, that "[d]ue to
the configuration of the building parapet and facade
ornamentation at the base of the . . . roof," the scaffolding
could not have been raised to be flush with the edge of the roof.

certain pillars served as such and that, among other things, a barrier was not necessarily safer because it would have reduced Scribner's workspace.  Inasmuch as these conflicting expert opinions and the uncertainty surrounding the height differential between the roof and the scaffolding create questions of fact, claimant's cross motion on the issue of defendant's liability under Labor Law § 240 (1) should have been denied (see Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d 1187, 1188 [2007]; Musselman v Gaetano Constr. Corp., 277 AD2d 691, 692 [2000]).

Claimant's Labor Law § 241 (6) claim should have been dismissed in its entirety.  To prevail under this statute, a claimant must demonstrate the existence of an injury sustained in an area where "construction, excavation or demolition work is being performed" (Labor Law § 241 [6]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348 [1998]), "the violation of a regulation setting forth a specific standard of conduct applicable to the working conditions which existed at the time of the injury" (Lawyer v Hoffman, 275 AD2d 541, 542 [2000]; see St. Louis v Town of N. Elba, 70 AD3d 1250, 1250 [2010], affd 16 NY3d 411 [2011]) and that the violation was the proximate cause of the injury (see Auchampaugh v Syracuse Univ., 57 AD3d 1291, 1293 [2008]; Shields v General Elec. Co., 3 AD3d 715, 718 [2004]).

As relevant here, claimant's Labor Law § 241 (6) cause of action is predicated on purported violations of three regulations: 12 NYCRR 23-1.7 (b) (1), which regulates the safety precautions that must be taken to avoid injuries resulting from hazardous openings; 12 NYCRR 23-1.7 (e) (2), which requires that work areas be kept free of debris, scattered tools and materials "insofar as may be consistent with the work being performed"; and 12 NYCRR 23-1.15, which sets forth the safety railing specifications required to protect against hazardous openings. These regulations, however, are inapplicable as a matter of law, as the drop from the roof ledge where Scribner was working to the scaffolding on which he fell does not qualify as a "hazardous opening" (see Francescon v Gucci Am., Inc., 105 AD3d 503, 504 [2013]; Landon v Austin, 88 AD3d 1127, 1129 [2011]; Pope v Safety & Quality Plus, Inc., 74 AD3d 1040, 1041 [2010], lv dismissed 15 NY3d 862 [2010]; Rookwood v Hyde Park Owners Corp., 48 AD3d 779, 781 [2008]), and the tile pieces over which Scribner tripped were

materials involved "in the actual task he was performing" (<u>Alvia v Teman Elec. Contr.</u>, 287 AD2d 421, 423 [2001], <u>lv dismissed</u> 97 NY2d 749 [2002]; <u>see</u> <u>Lech v Castle Vil. Owners Corp.</u>, 79 AD3d 819, 820-821 [2010]; <u>Solis v 32 Sixth Ave. Co. LLC</u>, 38 AD3d 389, 390 [2007]; <u>Castillo v Starrett City</u>, 4 AD3d 320, 322 [2004]). Accordingly, defendant was entitled to summary judgment dismissing the Labor Law § 241 (6) claim in its entirety.

Lahtinen, Garry and Devine, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) partially denied defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action and (2) granted claimant's cross motion for summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action; defendant's motion granted and claimant's cross motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court