Devine, J.
Appeals (1) from an order of the Supreme Court (O’Shea, J.), entered December 1, 2014 in Schuyler County, which, among other things, granted defendant’s cross motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.
Plaintiff, a construction contractor, was hired by defendant to install vinyl siding at a rental property that it owned. In the course of that work, plaintiff was injured when he fell from an extension ladder provided by defendant. He then commenced the present action, alleging negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Defendant cross-moved for summary judgment dismissing the complaint. By order and subsequent judgment, Supreme Court granted defendant’s cross motion and dismissed the complaint. Plaintiff now appeals and argues that, at a minimum, questions of fact *1379 exist with regard to the viability of his Labor Law §§ 240 (1) and 241 (6) claims.* We disagree and affirm.
“Liability under Labor Law § 240 (1) arises when a worker’s injuries are the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential” (Scribner v State of New York, 130 AD3d 1207, 1208 [2015] [internal quotation marks and citations omitted]; see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [2015]). There is no dispute that plaintiff was subjected to an elevation-related risk in the course of his work, and that he was provided with a ladder to protect against that risk. A fall from a ladder does not automatically result in liability under Labor Law § 240 (1) (see McGill v Qudsi, 91 AD3d 1241, 1243 [2012], lv dismissed 19 NY3d 1013 [2012]). Rather, there must be proof “that the ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff’s injuries” {Hugo v Sarantakos, 108 AD3d 744, 745 [2013]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288-289 [2003]; Weinberg v Alpine Improvements, LLC, 48 AD3d 915, 917 [2008]).
The extension ladder here did not slip, fail or collapse; rather, plaintiff’s unwitnessed fall from it occurred when he was climbing down it empty handed and misjudged the location of a step that had one rung instead of two. The fact that other steps had two rungs was because plaintiff had not fully extended the ladder — every step, in other words, would have had one rung if the ladder was fully extended — and the step with one rung reflected the placement of a latching mechanism used to secure the ladder when extended. Defendant supported its cross motion with the affidavit of a professional engineer experienced in investigating construction accidents, who examined the ladder, found it to be in good working order and noted that “[t]he alleged ‘missing rung’ . . . is a standard for portable metal ladders where the latching mechanism is located attached to the rails.” The engineer further found the ladder to be in compliance with all applicable safety standards and, as such, opined that the ladder was a proper safety device and that the sole cause of plaintiff’s fall was his failure to descend the ladder with due care.
This proof constituted “a prima facie showing that plaintiff *1380 was provided with an adequate safety device and that no violation of that statutory protection was committed which could be said to be a proximate cause of this accident,” shifting the burden to plaintiff to raise a question of fact (Weinberg v Alpine Improvements, LLC, 48 AD3d at 917; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 292). There is no doubt “that, in a usual case, where a worker has been provided with a safety device such as a ladder, which did not slip, collapse or fail, whether the device afforded proper protection is ordinarily a question of fact” (Weinberg v Alpine Improvements, LLC, 48 AD3d at 917; see Silvia v Bow Tie Partners, LLC, 77 AD3d 1143, 1144 [2010]). Inasmuch as plaintiff provided no expert proof to call the engineer’s findings into question, and his own account of events gave no reason to believe that his fall was in any way related to “the adequacy or placement of the safety device,” this is not the usual case (Weinberg v Alpine Improvements, LLC, 48 AD3d at 917). Defendant was, as a result, correctly awarded summary judgment dismissing plaintiff’s Labor Law § 240 (1) claim (see Gaspar v Pace Univ., 101 AD3d 1073, 1074 [2012]; Weinberg v Alpine Improvements, LLC, 48 AD3d at 917).
We turn next to plaintiff’s claim pursuant to “Labor Law § 241 (6), which requires owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of . . . Labor” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993] [internal quotation marks omitted]; accord Misicki v Cara-donna, 12 NY3d 511, 515 [2009]). The engineer opined that the ladder complied with all applicable safety regulations and, suffice it to say, none of the purportedly applicable regulations cited by plaintiff’s counsel requires double rungs at every step of a ladder. Thus, Supreme Court properly dismissed that claim as well (see Rolewicz v State of New York, 73 AD3d 1269, 1270 [2010]).
In light of the foregoing, we need not address the additional grounds for affirmance relied upon by defendant.
Lahtinen, J.P., McCarthy, Clark and Mulvey, JJ., concur.
Ordered that the order and judgment are affirmed, with costs.

 Plaintiff has failed to advance on appeal, and has accordingly abandoned, any arguments regarding the dismissal of his Labor Law § 200 and common-law negligence claims (see Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1227 n 1 [2015]).