(May 4, 2000)

■ JESSE MATOS et al., Respondents, v GARDEN STATE BRICK FACE OF MIDDLE VILLAGE, INC., et al., Defendants, and 79TH REALTY Co., Appellant. (And Other Actions.) [707 NYS2d 169] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about March 23, 1999, which granted the cross motion of plaintiff for summary judgment as to liability upon his Labor Law § 240 (1) claim as against defendant 79th Realty and denied the motion of defendant Glenwood Management Corporation and the cross motion of defendant 79th Realty for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff, a carpenter, sustained injuries when he fell from 3-to-5-foot stilts while finishing a ceiling. Since the accident was plainly attributable to the failure to afford plaintiff proper safety equipment, i.e., a ladder or scaffold, for the performance of the ceiling work, the motion court correctly held that plaintiff was entitled to summary judgment as to liability upon his Labor Law § 240 (1) claim (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 512-513). Defendants' contention that this case falls within the Court of Appeals holding in *Melber v 6333 Main St.* (91 NY2d 759) is misplaced. Here, in distinction to

*Melber*, where the plaintiff was injured in a fall from stilts as he walked down a hallway to retrieve a tool, plaintiff was injured in the course of actually performing construction at an elevation. Indeed, the *Melber* Court noted that "[h]ad [the stilts] failed while plaintiff was installing the metal studs in the top of the drywall—work requiring the statute's special protections—a different case would be presented" (*supra*, at 763-764; *see also*, *Klein v City of New York*, 89 NY2d 833). Concur—Sullivan, P. J., Ellerin, Lerner and Buckley, JJ.