◼ EDWIN BALL et al., Appellants, v CASCADE TISSUE GROUP-NEW YORK, INC., et al., Respondents. [828 NYS2d 686]—

Mugglin, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 20, 2006 in Saratoga County, which denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff Edwin Ball (hereinafter plaintiff) was injured when he fell from the third or fourth step of an unsecured eight-foot stepladder while installing steel tubing along the basement ceiling at a paper mill owned by defendants. Plaintiff's examination before trial testimony was that, as he was attaching clips to the tubes over his head, the two small legs of the stepladder slipped to the left, causing him to lose his balance and both he and the ladder fell to the floor.

Plaintiff and his wife, derivatively, commenced this action seeking damages under various provisions of the Labor Law and common-law negligence. Plaintiffs' subsequent motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) was denied. Supreme Court concluded that triable issues of fact existed regarding the alleged statutory violation and the proximate cause of plaintiff's injuries. Plaintiffs appeal.

We reverse. Labor Law § 240 (1) requires owners and contractors to construct, place and operate elevation-related safety devices to afford the worker proper protection from the risks inherent in working at an elevated work site (see Panek v County of Albany, 99 NY2d 452, 456-457 [2003]). Where, as here, the worker has been provided with a safety device, whether the device afforded proper protection is ordinarily a question of fact to be resolved at trial (see Canino v Electronic Tech. Co., 28 AD3d 932, 933 [2006]; Smith v Pergament Enters. of S.I., 271 AD2d 870, 871 [2000]). However, where the uncontroverted evidence establishes that the safety device collapsed, slipped or otherwise failed to support him or her, the plaintiff demonstrates a prima facie entitlement to partial summary judgment under Labor Law § 240 (1) and the burden shifts to the defendant (see Danton v Van Valkenburg, 13 AD3d 931, 931-932 [2004]; Morin v Machnick Bldrs., 4 AD3d 668, 670 [2004]). When the defendant presents some evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of his or her injuries, partial summary judgment on the issue of liability will be denied because factual issues exist (see Canino v Electronic Tech. Co., supra at 933-934; Danton v Van Valkenburg, supra at 932).

Here, plaintiffs have established a statutory violation and defendants have failed to produce sufficient evidence to create a question of fact. Under these circumstances, any alleged contributory negligence attributable to plaintiff is irrelevant (*see Morin v Machnick Bldrs., supra* at 670) and, as the statutory violation has been established as a proximate cause of plaintiff's injury, his negligence cannot be the sole proximate cause (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). Defendants' assertion that the ladder was structurally sound is not relevant on the issue of whether it was properly placed (*see Morin v Machnick Bldrs., supra* at 670) and defendants' argument that plaintiff's fall was caused by his overreaching or application of a lateral force is mere conjecture, without record support.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.