■ BRIAN DeCOURSEY, Respondent, v SEVEN HANOVER ASSOCIATES, LLC, et al., Appellants. [833 NYS2d 482]—Order, Supreme Court, New York County (Rosalyn Richter, J.), entered November 24, 2006, which, upon reargument, granted plaintiff's motion for partial summary judgment on liability on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Defendants emphasize evidence indicating that the alleged accident may have been caused in part by plaintiff's act of leaning out on the ladder. However, there was unrefuted evidence that although the ladder was designed to lock into a window mullion, the window at which the ladder was to be placed had no mullion, and that plaintiff pointed out this incompatibility to his supervisor but was repeatedly instructed, along with his coworker, to use the ladder. It was thus established that a lack of adequate protection was the cause of the accident, at least

"in part" (*see Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 175 [2004]), and, concomitantly, that plaintiff's conduct was not the sole cause of the accident (*see Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187 [2007]). Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Sweeny, JJ.