■ KENNETH C. BEARDSLEE et al., Respondents, v CORNELL UNIVERSITY et al., Appellants. (And a Third-Party Action.) [899 NYS2d 444]—

Malone Jr., J. Appeal from an order of the Supreme Court (Mulvey, J.), entered May 29, 2009 in Tompkins County, which granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff Kenneth C. Beardslee (hereinafter plaintiff), a carpenter, fell from the top of a ladder while he was working on the erection of form walls for the pouring of a foundation for a new building on the premises of defendant Cornell University in the City of Ithaca, Tompkins County. Plaintiff and his wife, derivatively, thereafter commenced this action against Cornell, as the landowner, and defendants Welliver McGuire, Inc. and McCarthy Building Companies, Inc., both of which acted in a joint venture as the general contractor for the construction project. Plaintiffs asserted claims for negligence and for violations of Labor Law § 200 (1), § 240 (1) and § 241 (6) and, following joinder of issue, plaintiffs moved for summary judgment on the issue of liability under Labor Law § 240 (1). Supreme Court granted that motion and defendants appeal.

As is relevant here, to succeed on their cause of action under Labor Law § 240 (1), plaintiffs were required to establish that the safety devices provided by defendants were inadequate or defective and that this violation of the statute was a proximate cause of plaintiff's injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Intelisano v Sam Greco Constr., Inc.*, 68 AD3d 1321, 1322 [2009]). In that regard, plaintiffs established that defendants provided plaintiff with a

ladder that did not reach the top of the form wall and that, in order to reach the top of the wall, he had to climb up the side of it using the safety devices provided for this purpose. According to plaintiff, this method of ascension at times left him unsecured by safety devices, and he fell when the ladder he was on "shifted" after a waler he grabbed in the wall gave way as he was attempting to attach his lanyard. However, defendants provided evidence regarding not only the stability of the ladder but also the type and adequacy of the safety devices they provided to plaintiff, which contradicted the evidence offered by plaintiffs (*see Dalaba v City of Schenectady*, 61 AD3d 1151, 1152 [2009]; *Weinberg v Alpine Improvements, LLC*, 48 AD3d 915, 917 [2008]). "Where, as here, the worker has been provided with a safety device, whether the device afforded proper protection is ordinarily a question of fact to be resolved at trial" (*Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007] [citations omitted]). The simple fact that plaintiff fell from a ladder does not automatically establish liability on the part of defendants (*see Canino v Electronic Tech. Co.*, 28 AD3d 932, 933 [2006]). Considering that defendants raised issues of fact regarding the type and adequacy of the safety devices provided by them, as well as the proximate cause of plaintiff's injuries, plaintiffs' motion for partial summary judgment should have been denied.

Peters, J.P., Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.