■ THOMAS R. GEORGIA et al., Appellants, v JOSEPH URBANSKI et al., Respondents. [923 NYS2d 274]—

Mercure, J.P. Appeal from an order of the Supreme Court (Catena, J.), entered September 7, 2010 in Montgomery County, which denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff Thomas R. Georgia (hereinafter plaintiff) was employed to do framing work on a home under construction in the Town of Stillwater, Saratoga County. He used a ladder on ice outside of the excavated foundation while installing joists and lumber, and was injured when the ladder "kicked out" from under him as he reached over to place a joist. Plaintiff and his wife, derivatively, thereafter commenced this action against defendants, the property owner and general contractor for the project, asserting negligence and violations of Labor Law § 200 (1), § 240 (1) and § 241 (6). Following joinder of issue, plaintiffs moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Supreme Court denied the motion, finding questions of fact regarding whether plaintiff failed to use proper safety equipment and whether his own actions constituted the sole proximate cause of his injuries. Plaintiffs now appeal. Inasmuch as questions of fact preclude summary judgment, we affirm.

Labor Law § 240 (1) requires contractors and owners to provide safety devices adequate to protect workers against elevation-related hazards, and their "failure to do so results in liability for any injuries proximately caused thereby" (*Silvia v Bow Tie Partners, LLC*, 77 AD3d 1143, 1144 [2010]; *see Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 338 [2008]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]). Inasmuch as the ladder used by plaintiff "collapsed, slipped or otherwise failed to support him," he demonstrated a prima facie entitlement to partial summary judgment (*Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]; *see Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]). The burden accordingly shifted to defendants to "present[ ] some evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of his . . . injuries" (*Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d at 1188; *see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]).

In that regard, sharp factual disputes exist regarding plaintiff's placement and use of the ladder on an icy surface

outside of the foundation, but he readily admitted that the decision to do so was his alone. While a plaintiff's contributory negligence does not relieve defendants of liability under Labor Law § 240 (1) (*see Morin v Machnick Bldrs.*, 4 AD3d at 670), nonparty witnesses testified that no work was to be performed outside of the foundation. Rather, plaintiff's employer expected workers to use ladders it had placed *inside* the foundation, and the record is devoid of evidence that ice was present or that ladders were improperly placed therein. Indeed, plaintiff was directed to join other workers inside the foundation and was observed to do so, although he later returned to the outside of the foundation, where the accident occurred.

In short, the employer produced evidence that the ladders constituted adequate safety devices within the intended work area and that plaintiff was injured only because he unilaterally chose to use a ladder outside the proper work area despite instruction to work inside the foundation. In our view, a finder of fact could determine from this evidence "that plaintiff had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no good reason not to do so; and that had he not made that choice he would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]). Accordingly, we agree with Supreme Court that questions of fact exist warranting the denial of plaintiffs' motion for partial summary judgment (*see Torres v Mazzone Admin. Group, Inc.*, 46 AD3d 1040, 1041 [2007], *lv denied* 10 NY3d 706 [2008]; *Gittleson v Cool Wind Ventilation Corp.*, 46 AD3d 855, 856 [2007], *lv denied* 10 NY3d 715 [2008]; *Meade v Rock-McGraw, Inc.*, 307 AD2d 156, 159 [2003]; *cf. Gallagher v New York Post*, 14 NY3d 83, 88-89 [2010]; *Morin v Machnick Bldrs.*, 4 AD3d at 670-671).

Lahtinen, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.