■ Daniel A. Gatto Jr., Respondent, v Clifton Park Senior Living, LLC, et al., Appellants. [935 NYS2d 366]—

McCarthy, J.

Plaintiff commenced this action against, among others, the owner and general contractor.* Plaintiff moved for partial summary judgment against those two defendants on the issue of their liability pursuant to Labor Law § 240 (1). Supreme Court granted the motion, prompting defendants to appeal.

We affirm. Plaintiff was performing construction work on a nine-foot ceiling, which necessarily required him to raise himself up to reach that height. Although the stilts only raised him about 1½ feet off the floor, this height differential created an elevation-related hazard within the purview of Labor Law § 240 (1) (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501 [1993]; Miller v C.O. Falter Constr. Corp., 226 AD2d 1110, 1110 [1996]; see also Amo v Little Rapids Corp., 301 AD2d 698, 701-702 [2003], appeal dismissed and lv denied 100 NY2d 531 [2003]). Plaintiff established a prima facie violation of the statute as a matter of law because the stilt collapsed, thereby failing to perform its function of supporting him (see Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d 1187, 1188 [2007]; Squires v Marini Bldrs., 293 AD2d 808, 809 [2002], lv denied 99 NY2d 502 [2002]).

Plaintiff, the president of his employer and representatives from Jersen Industries testified at depositions that tapers regularly work off of stilts, and that stilts were "ideal," "typical" and "appropriate" equipment for performing taping and drywall work. Neither the owner nor general contractor provided any type of safety equipment to tapers on the project.

---

* It is unclear what role, if any, the other defendants had in the construction project.

While ladders and baker's scaffolds may have been present at the scene, there is no proof that using them would have been feasible or more appropriate for the project than working off of stilts. No one instructed plaintiff to use a ladder or scaffold, nor did anyone instruct him not to use stilts. Therefore, plaintiff was not a recalcitrant worker—i.e., he did not fail or refuse to use available safety equipment (*compare Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]; *Maloney v J.W. Pfeil & Co., Inc.*, 84 AD3d 1632, 1633 [2011]). As all of the witnesses who addressed the topic testified that plaintiff was using appropriate safety equipment (*see Matos v Garden State Brick Face of Middle Vil.*, 272 AD2d 70, 70 [2000]) and he established a prima facie statutory violation due to the collapse of a stilt, his actions cannot be the sole proximate cause of the accident (*see Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d at 1189). Plaintiff met his burden of establishing a prima facie case under the statute and defendants failed to raise an issue of fact. Thus, Supreme Court properly granted his motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Rose, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.