Markou v Sano-Rubin Constr. Co., Inc. (2020 NY Slip Op 02144)





Markou v Sano-Rubin Constr. Co., Inc.


2020 NY Slip Op 02144


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

528591

[*1]Anthony R. Markou et al., Appellants-Respondents,
v
Sano-Rubin Construction Co., Inc., Respondent-Appellant.

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Martin, Harding & Mazzotti, LLP, Albany (Peter J. Hickey of counsel), for appellants-respondents.
Law Offices of Tromello & Fishman, Latham (Christine D'Addio-Hanlon of counsel), for respondent-appellant.



Colangelo, J.
Cross appeals from an order of the Supreme Court (O'Connor, J.), entered February 5, 2019 in Albany County, which, among other things, denied plaintiffs' motion for partial summary judgment.
On October 6, 2016, plaintiff Anthony R. Markou, a licensed electrical contractor and the sole owner of Markou & Sons, was performing electrical work at premises owned by defendant located in Albany County. The work required that Markou climb a ladder from which he subsequently fell, sustaining physical injuries. Markou and his wife, derivatively, commenced this action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and asserting claims for common-law negligence and loss of consortium. Following joinder of issue, plaintiffs moved for partial summary judgment as to liability on the Labor Law § 240 (1) claim. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. Supreme Court denied both motions, and these cross appeals ensued.
On a motion for summary judgment, the moving party "has the burden to establish 'a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). As relevant here, Labor Law § 240 (1) provides that "[a]ll contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, . . . ladders . . . which shall be so constructed, placed and operated as to give proper protection to a person so employed." The purpose of Labor Law § 240 (1) "is to protect workers by placing ultimate responsibility on owners and contractors instead of on workers themselves" (Saint v Syracuse Supply Co., 25 NY3d 117, 124 [2015] [internal quotation marks and citation omitted]). It "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (id. at 124).
An award of summary judgment to plaintiffs on their Labor Law § 240 (1) claim "requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (Wiley v Marjam Supply Co., Inc., 166 AD3d 1106, 1108 [2018] [internal quotation marks and citation omitted], lv denied 33 NY3d 908 [2019]). Labor Law § 240 (1) protects workers engaged in the enumerated activities including, as relevant here, "the repair of a structure" and not merely "routine maintenance that is outside the protection of Labor Law § 240 (1)" (Gutkaiss v Delaware Ave. Merchants Group, Inc., 173 AD3d 1327, 1328 [2019]). "Repairing is distinguished from the uncovered activity of routine maintenance, which involves replacing components that require replacement in the course of normal wear and tear" (Alexander v Hart, 64 AD3d 940, 943 [2009] [internal quotation marks and citations omitted]; see Pakenham v Westmere Realty, LLC, 58 AD3d 986, 987-988 [2009]). Upon a finding that a worker was engaged in a protected activity under the statute, a violation of the statute and, thus, prima facie entitlement to summary judgment is established, "where the ladder collapses, slips or otherwise fails to perform its function of supporting the worker and his [or her] materials" (Morin v Machnick Bldrs., 4 AD3d 668, 670 [2004] [internal quotation marks, brackets and citations omitted]), and proximately causes an injury.
According to the deposition testimony of Markou and defendant's employees in charge of safety, Eric Coburn Sr. and Roy Deyo Jr., Markou had been hired to troubleshoot and repair a nonfunctioning overhead lighting system in the cold storage area of defendant's shop and offices. Prior to hiring Markou to determine the cause of the problem, defendant's shop supervisor had checked basic electrical issues and had confirmed that the cause of the problem was not the light bulbs, the light switch or the circuit breaker. Markou testified that, on the day of the accident, he began the troubleshooting process by testing the power to each of the lights' circuits, starting at the panel box and working outward. He accessed light fixtures and junction boxes located more than 10 feet above ground using an extension ladder and, along the way, changed light bulbs as needed. After isolating the problem to a light fixture and junction box in the far corner of the cold storage area, Markou climbed an extension ladder that had been placed against the wall of the garage leading up to the particular light fixture and junction box. As he reached the height of the fixture, the ladder abruptly slid along the wall to the right and, just before reaching the end of the wall and to avoid hitting his head on the ground when the ladder fell, Markou jumped off and landed on his feet. Thereafter, defendant's director of safety prepared an incident report stating that Markou was on the premises "[w]orking on electrical repairs in the yard area." The report further stated that, at the time of the incident, Markou was "[r]epairing an electrical circuit."
Although not addressed by Supreme Court, we find that plaintiffs established that Markou was engaged in a protected activity under Labor Law § 240 (1), in that he was attempting to repair the overhead lighting system in the cold storage area of defendant's premises (see Alexander v Hart, 64 AD3d at 943). Although the court concluded that the affidavit of defendant's expert raised a question of fact as to the activity that Markou was performing, we disagree. We find that the affidavit, which opined that Markou was not engaged in protected activity because he was not doing "construction work" but, rather, was only performing the routine maintenance of changing light bulbs, was factually unsupported. The expert's affidavit failed to address the repair work that Markou was engaged in, and, in doing so, reached "conclusions based on speculation and inaccurate assumptions that were not based on record evidence [and] [h]is opinion [therefore] has no probative force and cannot create a question of fact so as to withstand summary judgment" (Dyer v City of Albany, 121 AD3d 1238, 1241 [2014]). Notwithstanding Supreme Court's denial of plaintiffs' motion, the court correctly concluded that plaintiffs, through the deposition testimony and sworn affidavit of their expert, sustained their prima facie burden of showing that the ladder was not "so constructed, placed and operated as to give proper protection" to Markou (Labor Law § 240 [1]), causing him to fall and sustain injuries.
As plaintiffs made a prima facie showing of entitlement to summary judgment on their Labor Law § 240 (1) claim, "the burden then shift[ed] to . . . defendant, [which] may defeat plaintiff[s'] motion . . . only if there is a plausible view of the evidence — enough to raise a fact question — that there was no statutory violation and that [Markou's] own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]). Although a "showing [of] potential comparative negligence by the injured worker does not avoid summary judgment[, a] defendant can, however, raise a factual issue by presenting evidence that the device furnished was adequate and properly placed and that the conduct of the [injured worker] may be the sole proximate cause of his or her injuries" (Portes v New York State Thruway Auth., 112 AD3d 1049, 1050 [2013] [internal quotation marks, brackets and citations omitted], appeal dismissed 22 NY3d 1167 [2014]).
In opposition to plaintiffs' motion, defendant presented no evidence that the extension ladder was adequate or properly placed or that Markou's actions were the sole proximate cause of his accident. Defendant's expert merely alleged that Markou's use of a ladder rather than a bucket truck, his placement of the ladder and his failure to have another individual hold the ladder established that his conduct was the sole proximate cause of the accident. However, given that plaintiffs established that the ladder from which Markou fell did not provide adequate protection to him, and that this violation of the statute caused him to fall and sustain injuries, Markou's own actions cannot be the sole proximate cause of his fall (see Morin v Machnick Bldrs, 4 AD3d at 670). Moreover, potential comparative negligence on Markou's part is not an available defense to a Labor Law § 240 (1) violation (see Salzer v Benderson Development Co., LLC, 130 AD3d 1226, 1228 [2015]; Portes v New York State Thruway Auth., 112 AD3d at 1050; Williams v Town of Pittstown, 100 AD3d 1250, 1252 [2012]). Inasmuch as plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability, and defendant failed to rebut that showing with evidence that Markou's fall was caused by anything other than the unsecured ladder or that Markou's own conduct was the sole proximate cause of the accident, plaintiffs are entitled summary judgment on the issue of liability on their Labor Law § 240 (1) claim.
Given our conclusion that plaintiffs are entitled to partial summary judgment on their Labor Law § 240 (1) claim, we see no need to address defendant's contentions regarding the validity of plaintiffs' remaining claims.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) cause of action; said motion granted; and, as so modified, affirmed.