Bennett v Savage (2021 NY Slip Op 01306)





Bennett v Savage


2021 NY Slip Op 01306


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

531650

[*1]Norman Bennett, Respondent,
v
Erin Savage, Appellant, et al., Defendant.

Calendar Date: January 12, 2021

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Gozigian, Washburn & Clinton, Cooperstown (E.W. Garo Gozigian of counsel), for appellant.
Stanley Law Offices, Syracuse (Robert A. Quattrocci of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Tait, J.), entered February 19, 2020 in Broome County, which granted plaintiff's motion for partial summary judgment.
In October 2015, plaintiff was insulating a building located in the City of Binghamton, Broome County and owned by defendants. While plaintiff was on a ladder, the ladder moved, causing him to fall and sustain injuries. Plaintiff commenced this action, claiming that, among other things, defendants violated Labor Law § 240. Defendant Erin Savage (hereinafter defendant) answered and asserted various affirmative defenses, including that plaintiff was a recalcitrant worker.[FN1] Following depositions, plaintiff moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and argued that none of defendant's affirmative defenses were valid defenses to this claim. Defendant opposed, claiming that a question of fact existed as to whether plaintiff maintained a three-point safety stance while on the ladder. Supreme Court granted plaintiff's motion and found, as pertinent here, that plaintiff was not a recalcitrant worker and that he did not act recklessly in placing or using the ladder. Defendant appeals.[FN2]
We affirm. "Labor Law § 240 (1) requires contractors and owners to provide safety devices adequate to protect workers against elevation-related hazards, and their failure to do so results in liability for any injuries proximately caused thereby" (Georgia v Urbanski, 84 AD3d 1569, 1569 [2011] [internal quotation marks and citation omitted]; see generally Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287-289 [2003]). Plaintiff's deposition testimony revealed that while insulating the building owned by defendant, "the ladder used by [him] collapsed, slipped or otherwise failed to support him," thus demonstrating a prima facie entitlement to partial summary judgment (Georgia v Urbanski, 84 AD3d at 1569 [internal quotation marks and citation omitted]; see Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d 1187, 1188 [2007]; Canino v Electronic Tech. Co., 28 AD3d 932, 933 [2006]). "[T]he burden then shift[ed] to . . . defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence — enough to raise a fact question — that there was no statutory violation and that plaintiff's own acts were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8; accord Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d 674, 677 [2020]).
In attempting to do so, defendant relied upon plaintiff's deposition testimony, in which he averred that he chose a wooden, A-frame ladder, which he described as "sturdy," and placed so it was steady and free from "wiggling."[FN3] Plaintiff testified that, while standing on the steps of the ladder, he maintained a three-point safety stance, with his feet and one arm in contact with the ladder, and his other hand holding the hose that fed the insulation [*2]into the building's overhang. Plaintiff indicated that the ladder began to move forward, causing him to fall and sustain injuries. Defendant argued that this testimony established that the ladder "was adequate and properly placed" (Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d at 1188), and that the testimony about plaintiff keeping one hand in contact with the ladder contradicted gestures he made during the deposition, where he seemed to indicate that "both [of his] hands [were] cupped around an imaginary hose," thus posing issues of fact.
As Supreme Court found, the deposition testimony is not clear as to whether plaintiff maintained the three-point safety stance while on the ladder. Nonetheless, even if this disputed issue was resolved against plaintiff, this would merely present a factual question as to his potential comparative negligence, which "does not relieve defendant[] of liability under Labor Law § 240 (1)" (Georgia v Urbanski, 84 AD3d at 1570; see Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d at 677-678; see also Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1228 [2015]). Similarly, the evidence does not establish that plaintiff was a recalcitrant worker in that he refused to employ available safety devices, thus resulting in his injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290 n 9; see also Kouros v State of New York, 288 AD2d 566, 567 [2001]). Accordingly, plaintiff was entitled to partial summary judgment on the issue of liability in regard to his Labor Law § 240 (1) claim (see Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d at 678; compare Canino v Electronic Tech. Co., 28 AD3d at 933-934).
Egan Jr., Aarons and Pritzker, JJ., concur.
Lynch, J. (dissenting).
I respectfully dissent. A fall off a ladder does not, in and of itself, establish liability under Labor Law § 240 (1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288 [2003]). Liability requires both a statutory violation and proximate cause (see id. at 287). In his deposition, plaintiff acknowledged that the ladder was not defective, but sturdy and in good condition. In fact, he opted to use the wooden ladder instead of an aluminum ladder on site and did not assert that any other safety equipment was required. He explained that the ladder was properly placed and that he did not know why the ladder moved forward resulting in his fall. In a case such as this, where a ladder "collapse[s] or malfunction[s] for no apparent reason, [the Court of Appeals has] continued to aid plaintiffs with a presumption that the ladder . . . was not good enough to afford proper protection" (id. at 289 n 8 [internal citation omitted]). On this record, I agree with the majority that plaintiff made a prima facie showing entitling him to partial summary judgment, shifting the burden to defendant Erin Savage (hereinafter defendant) to present "a plausible view of the evidence" that a question of fact exists as to whether the statute [*3]was violated (id.).
How plaintiff went about performing the work is instructive in determining whether the statute was violated (see id. at 291-292). The project involved insulating a building overhang, with plaintiff's supervisor drilling a hole every 16 inches followed by plaintiff using a hose to fill the interior with insulation. Plaintiff performed this task standing on either the third or fourth rung of a six-foot ladder. He explained that proper safety precautions required him to maintain a three-point stance on the ladder, meaning both feet were set on a step and one hand was holding the ladder. The process required plaintiff to move and reset the ladder every 16 inches. The accident occurred as plaintiff was insulating the tenth or eleventh hole. Plaintiff explained that he took precautions to assure that the base of the ladder was properly set. He tested the ladder's steadiness on each of the first two steps by wiggling the ladder. Just prior to the fall, we know from plaintiff's account that the ladder was sturdy and properly placed. The insulation process required plaintiff to place the hose 8 to 10 feet into the hole and hit a remote button to activate the insulation. Plaintiff explained that, to perform this task, he would hold the hose with one hand against the top platform of the ladder and activate the remote with the other hand. At the point that plaintiff fell, the ladder began to move forward as he was looking up at the opening and pulling back the hose. In describing how he performed that task during the deposition, plaintiff acknowledged that he demonstrated the activity by using both hands to pull the hose. Plaintiff did not know why the ladder moved, but noted that the movement "automatically set [him] off balance" — an indication that he may not have been holding onto the ladder with one hand.
Given the foregoing, it is my view that defendant has raised a genuine question of fact as to whether the statute was violated, as it would be plausible for a factfinder to conclude that plaintiff fell due to his own negligence and not as a result of any defect in the ladder. And while I agree with the majority that there has been no showing that plaintiff was a recalcitrant worker, even then "there can be no liability under [Labor Law § 240 (1)] when there is no violation and the worker's actions (here, his negligence) are the 'sole proximate cause' of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290). Accordingly, it is my opinion that Supreme Court's order should be reversed.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Supreme Court entered a default judgment against defendant Martha Kirby for failing to appear.

Footnote 2: Supreme Court's order also found that defendant was not exempt from certain Labor Law provisions, including Labor Law § 240 (1). Defendant does not appear to challenge that part of the court's order.

Footnote 3: While plaintiff was not certain that the ladder he used was owned by defendant, he testified that it was not owned by his employer.