Begeal v Jackson (2021 NY Slip Op 05000)





Begeal v Jackson


2021 NY Slip Op 05000


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

532148
[*1]Scott Begeal, Appellant-Respondent,
v
Douglas Jackson et al., Respondents- Appellants.

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Leonard & Cummings, LLP, Binghamton (Hugh B. Leonard of counsel), for appellant-respondent.
Coughlin & Gerhart, LLP, Binghamton (Caroline L. Myrdek of counsel), for respondents-appellants.



Pritzker, J.
Cross appeals from an order of the Supreme Court (Burns, J.), entered September 2, 2020 in Chenango County, which denied defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment.
Plaintiff was employed by C & D Enterprises, an industrial painting company owned by defendants. In February 2018, plaintiff was asked to erect and/or construct a ventilation stack upon a commercial building that served as a C & D Enterprises facility. To complete this task, plaintiff was required to utilize an aluminum ladder owned by C & D Enterprises. While using the ladder, plaintiff fell approximately 12 feet to the ground and sustained physical injuries.
Plaintiff commenced this action against defendants in September 2018, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Defendants answered and asserted several affirmative defenses. Following discovery, defendants moved for summary judgment dismissing the complaint, arguing that plaintiff's actions were the sole proximate cause of his fall. Plaintiff thereafter moved for partial summary judgment on the issue of liability as to his Labor Law § 240 (1) claim. Supreme Court denied defendants' motion for summary judgment, finding that they failed to establish a prima facie case that plaintiff was negligent or that he used the ladder in a negligent manner. The court also denied plaintiff's cross motion, determining, among other things, that he failed to demonstrate as a matter of law that the ladder was insufficient to meet the requirements of Labor Law § 240 (1). These cross appeals ensued.
"On a motion for summary judgment, the moving party has the burden to establish a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d 674, 675 [2020] [internal quotation marks and citations omitted]). As relevant here, "[l]iability under Labor Law § 240 (1) arises when a worker's injuries are the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Scribner v State of New York, 130 AD3d 1207, 1208 [2015] [internal quotation marks and citations omitted]; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]). Thus, to prevail on a motion for summary judgment for a Labor Law § 240 (1) claim, a plaintiff bears the burden of showing, as a matter of law, that the statute was violated and that the violation was the proximate cause of his or her injuries (see Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 887 [2019]; Griffin v AVA Realty Ithaca, LLC, 150 AD3d 1462, 1464 [2017]).
Plaintiff first contends that he established that the ladder failed to provide him adequate protection and slid to the right, causing him and the ladder to fall, and, therefore, Supreme Court [*2]erred in denying his cross motion on his Labor Law § 240 (1) claim. Although "[o]rdinarily, the adequacy of a safety device is a question of fact" (Scribner v State of New York, 130 AD3d at 1208), "[o]n a motion for summary judgment, a statutory violation, and thus prima facie entitlement to summary judgment, is established where the ladder collapses, slips or otherwise fails to perform its function of supporting the worker and his [or her] materials" (Morin v Machnick Bldrs., 4 AD3d 668, 670 [2004] [internal quotation marks, brackets and citations omitted]; see Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d at 676).
In support of his motion for summary judgment, plaintiff relied on his deposition testimony, among other things, during which he testified that he placed the extension ladder in an area in which there was snow. While outside by himself,[FN1] plaintiff raised the extension part of the ladder to reach the eaves of the building. Plaintiff confirmed that there were no problems with the ladder at the time and it felt as though it was secure. However, plaintiff claimed that prior to falling, he had "shifted [his] position to get another screw out of [his] pocket, and that's when the ladder either shifted or fell." Plaintiff further stated that "[i]t felt like [the ladder] shifted on the ground" to the right, and he confirmed that he was falling with the ladder and let go of it, landing on his right side. Plaintiff's medical records consistently reflect that all resulting injuries were to the right side of his body. Accordingly, plaintiff established prima facie entitlement to summary judgment on the Labor Law § 240 (1) cause of action through evidence that the ladder slipped, thereby causing plaintiff to fall and sustain serious injuries to his right side (see Bennett v Savage, 192 AD3d 1243, 1244 [2021]; Morin v Machnick Bldrs., 4 AD3d at 670-671).
"The burden then shifted to defendant[s], who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence — enough to raise a fact question — that there was no statutory violation and that plaintiff's own acts were the sole cause of the accident" (Bennett v Savage, 192 AD3d at 1244 [internal quotation marks, brackets, ellipsis and citations omitted; emphasis added]; see Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d 1187, 1188 [2007]). Defendants argue that the statutory requirement was not met because plaintiff testified that there was no defect in the extension ladder and that it felt secure. Although defendants have produced evidence that the ladder may not have been defective, the adequacy of the ladder is not a question of fact when it "slips or otherwise fails to perform its function of supporting the worker" (Scribner v State of New York, 130 AD3d at 1208 [internal quotation marks and citations omitted]), as plaintiff has established here.
Further, defendants failed to establish that plaintiff was the sole proximate cause of his injuries[*3]. Although defendants cite to numerous actions on the part of plaintiff in support of this contention, including that plaintiff did not (1) use an alternative safety device or scaffold to install the guidewires, (2) have supervision or ask for assistance when using the ladder or (3) clear the snow upon which the feet of the ladder were placed, these arguments merely raise a question as to plaintiff's comparative negligence, which will not relieve defendants from liability (see Bennett v Savage, 192 AD3d at 1245; Smith v State of New York, 180 AD3d 1270, 1271 [2020]). Thus, given these circumstances, any alleged comparative negligence attributable to plaintiff is irrelevant and, "as the statutory violation has been established as a proximate cause of plaintiff's injury, his negligence cannot be the sole proximate cause" (Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d at 1189).[FN2] As such, Supreme Court erred in denying plaintiff's cross motion for summary judgment as to the Labor Law § 240 (1) claim. In light of this determination, we need not reach defendants' arguments relative to their motion for summary judgment as to this claim. Defendants' remaining arguments have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Clark and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion for partial summary judgment; said motion granted; and, as so modified, affirmed.



Footnotes

Footnote 1: Contrary to defendants' contention, which they make in reliance on antiquated case law, "the fact that plaintiff's accident was unwitnessed presents no bar to summary judgment in his favor" (Verdon v Port Auth. of N.Y. & N.J., 111 AD3d 580, 581 [2013]; see Smigielski v Teachers Ins. & Annuity Assn. of Am., 137 AD3d 676, 676 [2016]).

Footnote 2: In support of their motion for summary judgment, defendants rely on case law where the plaintiff negligently failed to use or misused an adequate safety device (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 555 [2006]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 291 [2003]; Nalepa v South Hill Bus. Campus, LLC, 123 AD3d 1190, 1192 [2014], lv denied 25 NY3d 909 [2015]; Albert v Williams Lubricants, Inc., 35 AD3d 1115, 1115-1116 [2006]). This argument is without merit, as defendants failed to establish that plaintiff misused the ladder, which was the safety device allowing plaintiff to reach the elevated area, or that an alternative elevation safety device was reasonably required and available.