Nusbaum v 1455 Wash. Ave. LLC (2025 NY Slip Op 07066)

Nusbaum v 1455 Wash. Ave. LLC

2025 NY Slip Op 07066

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-25-0110
[*1]David W. Nusbaum, Appellant,
v1455 Washington Avenue LLC et al., Respondents, et al., Defendant. (And a Third-Party Action.)

Calendar Date:October 8, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Harding Mazzotti, LLP, Albany (Peter P. Balouskas of counsel), for appellant.
Sobel Pevzner, LLC, Huntington (Nicole Licata-McCord of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Richard Kupferman, J.), entered January 15, 2025 in Saratoga County, which denied plaintiff's motion for partial summary judgment.
In December 2020, plaintiff, an employee of third-party defendant Top Line Ltd, Inc, doing business as AJ Sign Co. (hereinafter AJ Sign), was injured on the job when he fell from a ladder at a 7-Eleven store located in the City of Albany. Plaintiff was affixing masking tape to an exterior wall of the store to touch up the wall's paint in conjunction with the installation of the convenience store's sign. Defendant 7-Eleven, Inc. leased the property from the owner, defendant 1455 Washington Avenue LLC. As background, 7-Eleven contacted LSI Graphics Solution to replace the sign and LSI thereafter sent a purchase order to defendant MC Group/Icon, doing business as Stratus, which in turn contracted with AJ Sign to install the sign.
Plaintiff commenced this action against 7-Eleven and 1455 Washington Avenue for claims rising under Labor Law §§ 200, 240 (1), 241 (6) and common-law negligence. Defendants answered and asserted cross-claims for indemnification and contribution against Stratus. Stratus filed a third-party complaint against AJ Sign for, among other things, contractual indemnification. After joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Supreme Court denied the motion, finding issues of fact as to whether plaintiff was the sole proximate cause of his injuries. Plaintiff appeals.
"Pursuant to Labor Law § 240 (1), contractors and owners are required to provide adequate safety devices — such as scaffolding or ladders — to afford proper protection against elevation-related hazards" (Barnhardt v Richard G. Rosetti, LLC, 216 AD3d 1295, 1296 [3d Dept 2023] [internal quotation marks and citations omitted], lv dismissed 40 NY3d 1005 [2023]; see Wheat v Town of Forestburgh, 223 AD3d 1134, 1135 [3d Dept 2024]). Labor Law § 240 (1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers" (Saint v Syracuse Supply Co., 25 NY3d 117, 124 [2015]; accord James v Marini Homes, LLC, 234 AD3d 1078, 1079 [3d Dept 2025]). "The statute is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed, and should be construed with a commonsense approach to the realities of the workplace at issue" (Wheat v Town of Forestburgh, 223 AD3d at 1135-1136 [internal quotation marks and citations omitted]). Thus, "[w]here an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense; however, where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability" (Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015] [internal quotation marks and citation [*2]omitted]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]).
"To prevail on a summary judgment motion for a Labor Law § 240 (1) claim, the plaintiff must show that the statute was violated and that the violation proximately caused his or her injury. A defendant can, however, raise a factual issue by presenting evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of his or her injuries" (Barnhardt v Richard G. Rosetti, LLC, 216 AD3d at 1296-1297 [internal quotation marks, brackets and citations omitted]; accord Wheat v Town of Forestburgh, 223 AD3d at 1136). In support of plaintiff's motion, he submitted, among other things, his deposition testimony and that of his coworker. Plaintiff testified that on the day of his accident he had been employed by AJ Sign for six months. He and a coworker were assigned to a project at the 7-Eleven store. The equipment provided for the job consisted solely of a two-sided extendable step ladder and painting supplies. Once at the site, the ladder was placed parallel to the exterior wall approximately an arm's length away and locked into position. At some point before the work began, plaintiff's coworker left the site to purchase additional paint. Before leaving, he instructed plaintiff to tape off an area of the wall. This area was approximately 8 to 10 feet up the wall. According to plaintiff, he was on the second rung from the top, straddling the ladder — which he had observed was common practice amongst his coworkers — and was reaching to the right when he felt the ladder wobbled and fell away from the building, "in the blink of an eye," resulting in plaintiff falling face first onto the sidewalk. Plaintiff stated that he did not lose his balance, nor did he know what caused the ladder to move and fall. Plaintiff's fall was unwitnessed.
Supreme Court erred in finding that plaintiff failed to meet his prima facie burden, as "[w]e have repeatedly held that when a worker injured in a fall was provided with an elevation-related safety device, [here the ladder,] the question of whether that device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact, except in those instances where the unrefuted evidence establishes that the device collapsed, slipped or otherwise failed to perform its function of supporting the worker and his or her materials" (Barnhardt v Richard G. Rosetti, LLC, 216 AD3d at 1297 [internal quotation marks and citation omitted; emphasis added]). Accordingly, as the foregoing unrefuted evidence establishes an unexplained fall of the ladder while plaintiff was using it to reach an elevated work area, he is entitled to the presumption that the ladder was not good enough to afford proper protection (see Barnhardt v Richard G. Rosetti, LLC, 216 AD3d at 1298; Begeal v Jackson, 197 AD3d 1418, 1419 [3d Dept 2021]; Bennett v Savage, 192 AD3d 1243, 1244 [*3][3d Dept 2021]).
The burden therefore shifted to defendants to raise a question of fact that "there was no statutory violation and that plaintiff's own acts were the sole cause of the accident" (Begeal v Jackson, 197 AD3d at 1420 [internal quotation marks, ellipsis and citations omitted]). Although defendants have produced evidence that the ladder was not defective, "the adequacy of the ladder is not a question of fact when it slips or otherwise fails to perform its function of supporting the worker" (id. [internal quotation marks and citations omitted]; see Dalaba v City of Schenectady, 61 AD3d 1151, 1152 [3d Dept 2009]). Next, in an effort to raise a question of fact as to whether plaintiff's actions were the sole proximate cause of his fall, defendants cite to the fact that right before his fall plaintiff was straddling the ladder, overreaching and standing beyond the height limit of the ladder. We note, however, that plaintiff's conduct was employed in order to perform his work, and so his actions serve only to underscore the inadequacy of the equipment plaintiff was given to perform his task. Plaintiff had no choice as to the equipment to use to accomplish the task at this elevated height as he was supplied solely with this ladder and was directed to accomplish the task of taping off the wall while his coworker was absent and thus unavailable to secure the ladder. While the dissent references that the ladder contained a label indicating that it could be used as an extension ladder, plaintiff testified that he had never used it as such. Moreover, since the ladder was not used in this manner any speculation that it would have been adequate or would not have fallen is conclusory at best. As such, plaintiff's actions merely raise a question as to plaintiff's comparative negligence, which does not relieve defendants from liability under Labor Law § 240 (1) (see Barnhardt v Richard G. Rosetti, LLC, 216 AD3d at 1299; Begeal v Jackson, 197 AD3d at 1420; Bennett v Savage, 192 AD3d at 1245). Considering the foregoing evidence, we find that defendants failed to raise a triable issue of fact as to whether they provided an adequate safety device or that plaintiff was the sole proximate cause of his fall, and, therefore, Supreme Court should have granted plaintiff's motion (see Barnhardt v Richard G. Rosetti, LLC, 216 AD3d at 1300; Begeal v Jackson, 197 AD3d at 1420; Markou v Sano-Rubin Constr. Co., Inc., 182 AD3d 674, 678 [3d Dept 2020]).
Aarons and Pritzker, JJ., concur.
Clark, J.P. (dissenting).
We respectfully dissent. This case is governed by Blake v Neighborhood Hous. Servs. of N.Y. City (1 NY3d 280 [2003]), wherein the Court of Appeals explained that "a fall from a . . . ladder [does not], in and of itself, result[ ] in an award of damages to the injured party" under Labor Law § 240 (1) (id. at 288). Rather, liability requires a two-part showing: (1) that the statute was violated — i.e., that the defendant did not fulfill its obligation to "furnish [*4]or erect" adequate safety devices that are "so constructed, placed and operated as to give proper protection" against elevation related hazards (Labor Law § 240 [1]) — and (2) that such violation " 'was a contributing cause of [the plaintiff's] fall' " (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 287 [ellipses omitted], quoting Duda v Rouse Constr. Corp., 32 NY2d 405, 410 [1973]).
When those two showings are made, liability under Labor Law § 240 (1) is deemed "strict" or "absolute" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 286; see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]; DeGraff v Colontonio, 202 AD3d 1297, 1299 [3d Dept 2022], lv dismissed 39 NY3d 1150 [2023]), meaning that a plaintiff's own "contributory negligence will not exonerate a defendant who has violated the statute and proximately caused [the] plaintiff's injury" (Blake v Neighborhood Hous. Servs. of N.Y. City,1 NY3d at 286). Conversely, if adequate safety devices were provided to afford proper protection and the plaintiff's injuries were solely attributable to his or her own misuse thereof, the plaintiff will be deemed "the sole proximate cause of the accident," precluding recovery under Labor Law § 240 (1) (id. at 290; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; Rivas v Purvis Holdings, LLC, 222 AD3d 676, 677 [2d Dept 2023]; Fernandez v BBD Developers, LLC, 103 AD3d 554, 556 [1st Dept 2013]; Albert v Williams Lubricants, Inc., 35 AD3d 1115, 1117 [3d Dept 2006]).
Although Blake was decided in the context of affirmed findings of fact made by a jury, the decision provides guidance as to how to analyze Labor Law § 240 (1) claims at the summary judgment phase of litigation. To that end, the Court of Appeals in Blake explained that "[i]n cases involving ladders or scaffolds that collapse or malfunction for no apparent reason," the plaintiff is entitled to "a presumption that the ladder or scaffolding device was not good enough to afford proper protection" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8). Such presumption of employer liability has its genesis in a Court of Appeals decision from the early 20th century in which the Court recognized that "sound scaffolds and ladders do not simply break apart" (id. at 286, citing Stewart v Ferguson, 164 NY 553 [1900]). However, the Court of Appeals in Blake set forth that this presumption is rebuttable, explaining, in the context of an injury sustained when the ladder on which the plaintiff was working "retracted," that "[o]nce the plaintiff makes a prima facie showing[,] the burden then shifts to the defendant, who may defeat [the] plaintiff's motion for summary judgment . . . if there is a plausible view of the evidence — enough to raise a fact question — that there was no statutory violation and that [the] plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City,1 NY3d at 283, 289 n 8). A plaintiff [*5]is entitled to summary judgment in that context only where the defendant's "assertions in response fail to raise a fact question as to th[o]se issues" (id. at 289 n 8).
Applying the foregoing principles to the facts of this case, we conclude that there are outstanding questions of fact precluding judgment as a matter of law in plaintiff's favor at this juncture. During his examination before trial (hereinafter EBT), plaintiff testified that, on the date in question, he or his coworker set up the ladder provided by their employer in an A-frame position and placed it on a level portion of the sidewalk, free from obstructions or debris. Plaintiff did not observe the ladder to be defective in any way, confirmed that the legs of the ladder were "fully extended" and locked into position before he ascended it, and that there were rubber or plastic caps on all four of the ladder's feet. He further confirmed that he was "comfortable using the ladder" on the date of the accident. As plaintiff was straddling the top of the ladder approximately 10 feet above the ground to apply masking tape to the exterior wall at the 7-Eleven in preparation for painting, he "felt the ladder . . . wobble slightly, and then in the blink of an eye . . . the ladder [fe]ll away from the building," causing him to fall face first onto the sidewalk. Plaintiff maintained that he did not lose his balance while he was on the ladder and did not know what caused it to fall. In addition to submitting the transcript from his EBT testimony in support of summary judgment, plaintiff also proffered, among other things, an affidavit from an expert in construction project management, who opined, to a reasonable degree of professional certainty, that the ladder did not afford plaintiff proper protection, should have been equipped with safety devices to stabilize and secure it, and that the failure to provide such devices was a proximate cause of plaintiff's accident.
Given plaintiff's testimony that he did not lose his balance on the date in question and that the ladder fell despite having no visible defects, having been locked into position and having been placed on level ground, we agree with the majority that it is appropriate to apply the presumption of liability that attaches where a ladder "collapse[s] or malfunction[s] for no apparent reason" and, therefore, that plaintiff satisfied his prima facie burden on his summary judgment motion (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8; see Bennett v Savage, 192 AD3d 1243, 1244 [3d Dept 2021]). However, viewing the evidence in the light most favorable to defendants as the nonmoving parties (see Valente v Lend Lease [US] Constr. LMB, Inc., 29 NY3d 1104, 1105 [2017]; Silvia v Bow Tie Partners, LLC, 77 AD3d 1143, 1146 [3d Dept 2010]), it is our opinion that defendants have demonstrated triable issues of fact in opposition that are suitable for resolution by a jury.
In that regard, defendants proffered an expert affidavit from [*6]a civil engineer with OSHA certifications who explained that the ladder displayed warning labels notifying users that it could be used as a stepladder (i.e., in an A-frame position) or as an extension ladder. The labels further warned that the "highest or maximum standing level" when the ladder was used in the A-frame position was six feet, eight inches, but increased to over 15 feet when used as an extension ladder. Insofar as plaintiff confirmed that he was standing approximately 10 feet off the ground at the time of the incident, the expert noted that this was "over [three] feet above the allowable height" when the ladder was being used in the A-frame position. The expert further noted that the American Ladder Institute Ladder Safety Training for Stepladders prohibits users from straddling the top of a stepladder or from overreaching or leaning while working, which can "pull the ladder over sideways." Based upon plaintiff's admission during his EBT testimony that he knew the ladder could be used as an extension ladder, that he was straddling the ladder prior to the accident, and that he was reaching over to perform the work, the expert opined that plaintiff's misuse of the ladder was the sole proximate cause of the accident. He further concluded that there was "no supportive basis" to conclude that the "ladder provided to [p]laintiff was not proper or sound" or that "the ladder itself was not the proper safety equipment necessary for the subject task."
This expert affidavit, when considered in conjunction with plaintiff's EBT testimony, offers "a plausible view of the evidence — enough to raise a fact question — that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8; see Robinson v East Med. Ctr., LP, 6 NY3d at 555). More specifically, given the direct dispute between the parties' experts as to whether the ladder was adequate to provide proper protection, whether additional safety devices were required, and whether plaintiff's fall was attributable solely to his own negligence, there are triable issues of fact in this regard, rendering Supreme Court's denial of summary judgment appropriate (see Breslin v Access Auto Sales & Serv., LLC, 239 AD3d 1119, 1122 [3d Dept 2025]; Beardslee v Cornell Univ., 72 AD3d 1371, 1372 [3d Dept 2010]; Meade v Rock-McGraw, Inc., 307 AD2d 156, 160 [1st Dept 2003]; Briggs v Halterman, 267 AD2d 753, 753 [3d Dept 1999]; see also Weininger v Hagedorn & Co., 91 NY2d 958, 960 [1998] [concluding that Supreme Court erred in directing a verdict in favor of the plaintiff, who fell from an extension ladder, insofar as "a reasonable jury could have concluded that (the) plaintiff's actions were the sole proximate cause of his injuries, and consequently that liability under Labor Law § 240 (1) did not attach"]).
We are mindful that there are a series of decisions from this Court stating that the adequacy [*7]of the provided safety device, including a ladder, is not a question of fact "where the unrefuted evidence establishes that the device . . . collapsed, slipped or otherwise failed to perform its function of supporting the worker" (Breslin v Access Auto Sales & Serv., LLC, 239 AD3d at 1121 [internal quotation marks and citations omitted; emphasis added]; see Barnhardt v Richard G. Rosetti, LLC, 216 AD3d 1295, 1297 [3d Dept 2023], lv dismissed 40 NY3d 1005 [2023]; Beesimer v Albany Ave./Rte. 9 Realty, 216 AD2d 853, 854 [3d Dept 1995]).[FN1] However, that is not the situation we have here, as defendants proffered evidence from which a reasonable factfinder could conclude that the ladder "did not slip, collapse or otherwise fail," but, rather, toppled over solely due to plaintiff's misuse of it (Spenard v Gregware Gen. Contr., 248 AD2d 868, 869 [3d Dept 1998]; see Breslin v Access Auto Sales & Serv., 239 AD3d at 1122 [citing rule but then concluding that "questions of fact exist[ed] . . . as to the adequacy of the safety devices provided to (a plaintiff) who fell from a ladder" (internal quotation marks and citation omitted)]). Indeed, as a corollary to such rule, this Court has emphasized that "the mere fact that an injured worker fell from a scaffold, ladder or other similar safety device that did not slip, collapse or otherwise fail is insufficient to establish that the device did not provide proper protection" (Spenard v Gregware Gen. Contr., 248 AD2d at 869 [internal quotation marks and citation omitted]), and "[w]hen the defendant presents some evidence that the device furnished was adequate and properly placed and that the conduct of the plaintiff may be the sole proximate cause of his or her injuries, partial summary judgment on the issue of liability will be denied because factual issues exist" (Ball v Cascade Tissue Group.-N.Y., Inc., 36 AD3d 1187, 1188 [3d Dept 2007]).
In our view, concluding, as a matter of law, that the ladder did not provide proper protection is premature at this stage of litigation (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8, 292; see also Cutaia v Board of Mgrs of the 160/170 Varick St. Condominium, 38 NY3d 1037, 1039 [2022] [finding that questions of fact existed as to whether the ladder failed to provide proper protection]; Nazario v 222 Broadway, LLC, 28 NY3d 1054, 1055 [2016]). Indeed, as noted by the Second Department in a case concerning a fall from a ladder, "whether a particular safety device provided proper protection is generally a question of fact for a jury" (Yao Zong Wu v Zhen Jia Yang, 161 AD3d 813, 814 [2d Dept 2018]; see Beardslee v Cornell Univ., 72 AD3d at 1372; De Oliveira v Little John's Moving, 289 AD2d 108, 108 [1st Dept 2001]; Blair v Rosen-Michaels, Inc., 146 AD2d 863, 865 [3d Dept 1989] ["Except in the extreme case where no protective device is furnished, whether proper protection has been provided under Labor Law § 240 (1) is an issue of fact" (internal quotation marks [*8]and citations omitted)]; see also NY PJI3d 2:217 [2024]).
To the extent that the majority concludes that the manner in which plaintiff performed his work demonstrates, as a matter of law, that the ladder was not an adequate safety device, we also disagree. Plaintiff testified during his EBT that he straddled the ladder because he had previously observed other workers perform work in this manner, not due to a concern that such positioning was necessary to perform the work to which he was assigned. In these circumstances, the manner in which plaintiff performed the work informs the analysis of whether he was the sole proximate cause of the accident, not whether the ladder provided proper protection (see Robinson v East Med. Ctr., LP, 6 NY3d at 555 [employee's action of standing on top cap of six-foot stepladder was the sole proximate cause of his injuries]; see also DeGraff v Colontonio, 202 AD3d at 1299 [noting that whether the safety device provided by the defendant provided proper protection turned on an analysis of "the hazards entailed in the performance of the particular task to which the worker was assigned" (internal quotation marks, brackets and citations omitted; emphasis added); Bennett v Savage, 192 AD3d at 1246 [Lynch, J., dissenting]). Furthermore, "the nature of the work" and "the conditions of the work site" are the relevant factors to consider when determining whether a particular safety device provided proper protection — an analysis that necessarily turns on a fact-specific inquiry appropriate for resolution by a factfinder (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 291 [emphasis added]; see Bland v Manocherian, 66 NY2d 452, 459-460 [1985]). For the foregoing reasons, we would affirm Supreme Court's order.
McShan, J., concurs.
ORDERED that the order is modified, on the law, with costs, by reversing so much thereof as denied plaintiff's motion for partial summary judgment; motion granted; and, as so modified, affirmed.

Footnotes

Footnote 1: This rule is applicable when the unrefuted evidence establishes that the safety device "collapse[d], br[oke] down, or malfunction[ed]" (Dennis v Beltrone Constr. Co.,195 AD2d 688, 689 [3d Dept 1993], citing Blair v Rosen-Michaels, Inc., 146 AD2d 863, 864-865 [3d Dept 1989]). In that situation, the "failure is manifest" and the inadequacy of the safety device can be determined as a matter of law (Dennis v Beltrone Constr. Co.,195 AD2d at 689; see Drew v Correct Mfg. Corp., Hughes-Keenan Div., 149 AD2d 893, 894-895 [3d Dept 1989]). Here, by contrast, the opinion of plaintiff's expert that the ladder was insufficient to provide proper protection is directly refuted by defendants' expert, who opined otherwise and concluded that plaintiff's own misuse of the ladder caused it to fall.